474 S.E.2d 872

**POWDERIDGE UNIT OWNERS ASSOCIATION, Plaintiff Below, Appellant,**

v.

**HIGHLAND PROPERTIES, LTD.; Virginia Homes Manufacturing Corporation; Rust, Orling & Neale Architects; and The Home Insurance Company, Defendants Below, Appellees.**

No. 23105.

Supreme Court of Appeals of West Virginia.

Submitted May 28, 1996.

Decided June 14, 1996.

P. Rodney Jackson, Lonnie C. Simmons, DiTrapano & Jackson, James M. Barber, Hunt & Barber, Charleston, for Appellant.

John M. Slack III, Jackson & Kelly, Charleston, for Appellee The Home Insurance Company.

Stephen L. Thompson, Barth, Thompson & George, Charleston, for Appellee Highland Properties, Ltd.

Edgar A. Poe, Jr., Shuman, Annand & Poe, for Appellee Rust, Orling & Neale Architects.

G.W. Lavender III, Renatha S. Garner, Mayer, Darragh, Buckler, Bebenek & Eck, James R. Watson, Steptoe & Johnson, Charleston, for Appellee Virginia Homes Manufacturing Corporation.

CLECKLEY, Justice:

This appeal was prosecuted by Powderidge Unit Owners Association, the plaintiff below and appellant herein, from a final order of the Circuit Court of Kanawha County granting summary judgment to the defendants below and appellees herein, Highland Properties, Ltd., Virginia Homes Manufacturing Corporation and its insurer, The Home Insurance Company.[1] The plaintiff filed this action on October 11, 1991, alleging the defendants[2] negligently constructed condominium units it owns and such negligence was the proximate cause of severe water damage to the units. In granting summary judgment to the defendants, the circuit court found the plaintiff's action was not timely filed and, therefore, was barred by the statute of limitations. The plaintiff contends on appeal: (1) there was insufficient opportunity to conduct discovery on the statute of limitations issue; and (2) the circuit court improperly denied its motion for reconsideration.[3]

I.

## FACTUAL AND PROCEDURAL BACKGROUND

The record in this case indicates the origin of this action is linked to matters dating back to 1982. It was in 1982 that the plaintiff engaged Highland Properties, Ltd. ("Highland") as general contractor to build "eighty-four residential condominiums, known as Powderidge Condominiums, at Snowshoe, Pocahontas County, West Virginia." Highland thereafter entered into a contract with Virginia Homes Manufacturing Corporation ("Virginia Homes") to have eighty-four prefabricated condominium units created. The prefabricated units were supplied by Virginia Homes and installed by Highland, pursuant to Highland's contract with the plaintiff. At some point in 1984, the plaintiff became aware of water leakage in the rear of several of the condominium units. The plaintiff informed Highland of the problem, and Highland took measures to correct the matter. As a result of having to pay the cost of making the repairs to the damaged condominium units, Highland, on December 18, 1984, filed a civil action against Virginia Homes, in the Circuit Court of Pocahontas

---

1. The defendant, Highland Properties, Ltd., did not move for summary judgment below; however, the summary judgment order indicated the entire case was stricken from the trial court's docket based upon the summary judgment motions filed by the other defendants.

2. There was a fourth defendant in this action: Rust, Orling & Neale Architects. The record indicates a settlement agreement was entered into between the plaintiff and Rust, Orling & Neale Architects prior to entry of the summary judgment order.

3. Highland Properties, Ltd. and The Home Insurance Company did not file briefs in this appeal.

County.[4] A subsequent amended complaint was filed on January 28, 1985. The amended complaint filed by Highland contended that Virginia Homes "improperly constructed the various condominium units thereby allowing water infiltration throughout the units." The ad damnum clause indicated Highland incurred a loss of $43,275.42 due to the defects in the condominium units. In spite of the ad damnum clause, Highland and Virginia Homes reached an amicable settlement in the amount of $7,500, and the action was dismissed by agreed order on August 15, 1985.

On October 11, 1991, the plaintiff filed the matter *sub judice*.[5] The complaint alleged negligence[6] in the construction of Powderidge Condominiums by the defendants in that "all of the units have suffered significant water and moisture damage caused by leakage, condensation, seepage and other means." The plaintiff alleged the cost of repair for the damage was in excess of $600,000. It was further averred by the plaintiff that it did not discover the defective construction until 1990. The defendants filed their respective answers to the complaint and subsequently filed motions for summary judgment based upon two dispositive theories: (1) the action was barred by the statute of limitations and (2) the doctrine of res judicata.[7] Upon motion of the plaintiff, the circuit court issued an order on August 23, 1993, giving the parties an additional ninety days to conduct discovery on the two dispositive theories.[8] As matters eventually turned out, the summary judgment motions were not brought on for hearing until November 28, 1994.[9] On December 9, 1994, the circuit court issued its order granting summary judgment to the defendants upon finding the plaintiff did not file its action within the applicable two-year statute of limitations period. The plaintiff subsequently filed a motion for reconsideration with the circuit court. The circuit court by order of February 7, 1995, denied the plaintiff's motion for reconsideration. The plaintiff presents two arguments here: (1) there was insufficient opportunity to conduct discovery on the statute of limitations issue, and (2) the circuit court improperly denied its motion for reconsideration.

## II.

## DISCUSSION

We begin our discussion on the merits by noting that, contrary to the plaintiff's position, there is no insurmountable obstacle blocking the use of Rule 56 of the West Virginia Rules of Civil Procedure in the circumstances of this case. The function of summary judgment is "to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." *Hanlon v. Chambers,* 195 W.Va. 99, 106, 464 S.E.2d 741, 748 (1995). Here, the record fairly read contains no sign that the circuit court overlooked, misconceived, or mischaracterized the evidence. To the contrary, as the circuit court concluded, the record discloses no genuine issue as to

4. The plaintiff, as owner of Powderidge Condominiums, did not have actual knowledge of this lawsuit.

5. An amended complaint was filed on June 11, 1992, adding The Home Insurance Company as a defendant. This company was brought into the action merely to have the circuit court declare the terms of the company's insurance liability exposure on behalf of Virginia Homes.

6. The complaint also alleged, as causes of action, breach of warranty and strict liability. However, these causes of action were dismissed under an agreed upon court order on June 7, 1993.

7. There was a third theory, the doctrine of economic loss, posited by the defendants. This theo-

ry is not relevant here primarily because the circuit court did not rely upon it in making its ruling and it has no bearing on the decision herein.

8. The continuance was requested informally and not pursuant to the requirements of Rule 56(f) of the West Virginia Rules of Civil Procedure. *See* note 14, *infra.*

9. It is noted that the initial trial judge in this matter was the Honorable John Hey. Upon his retirement, the Honorable Irene C. Berger took over this case and guided it to its present posture.

any material fact; and the undisputed facts, taken most favorably to the plaintiff, confirm the defendants were entitled to judgment as a matter of law.

We give credit where credit is due. The circuit court's opinion is both meticulous and accurate. It treats all claims and items of evidence and closes virtually every avenue the plaintiff tries to travel on appeal. Because that is so, we resist the temptation to transpose into our own words what has already been well expressed, preferring instead to affirm the judgment essentially on the basis of the opinion below. We pause only to add punctuation in a few spots.

### A.

#### *Generally*

■■■ We review a circuit court's grant of summary judgment *de novo*, Syl. pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994), "and, therefore, we apply the same standard as a circuit court," reviewing all facts and reasonable inferences in the light most favorable to the nonmoving party. *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 58, 459 S.E.2d 329, 335–36 (1995), *citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538, 553 (1986). A grant of summary judgment "shall be rendered forthwith if the pleadings,[10] deposition, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." W.Va. R.Civ.P. 56(c). Summary judgment is not a remedy to be exercised at the circuit court's option; it must be granted when there is no genuine disputed issue of a material fact.

*See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211 (1986); *Williams*, 194 W.Va. at 59 n. 7, 459 S.E.2d at 335–36 n. 7 ("[i]f the nonmoving party does not controvert the proof offered in support of the motion, and the moving party's affidavit shows that it supports a judgment as a matter of law, Rule 56(c) mandates summary judgment be granted"). Genuineness and materiality are not infinitely elastic euphemisms that may be stretched to fit whatever preferrations catch a litigant's fancy.[11] A "dispute about a material fact is 'genuine'... if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510, 91 L.Ed.2d at 211. However, "only materials which were included in the pretrial record and that would have been admissible evidence may be considered." *Stults v. Conoco, Inc.*, 76 F.3d 651, 654 (5th Cir.1996). (Citation omitted).

Of course, summary judgment is appropriate only if the record reveals no genuine issue of material fact and the movant demonstrates an entitlement to judgment as a matter of law. *See* W.Va.R.Civ.P. 56(c). We are mindful that, in light of the jury's role in resolving questions of conflict and credibility, we have admonished that this rule should be applied with great caution. *See Williams*, 194 W.Va. at 59, 459 S.E.2d at 336 ("[i]n cases of substantial doubt, the safer course of action, is to deny the motion and proceed to trial"). Thus, if the evidence would allow a reasonable jury to return a verdict for the nonmoving party, then summary judgment will not lie.

■■■ Under our summary judgment standard, a party seeking summary judgment must make a preliminary showing that

---

10. A party opposing a motion for summary judgment may not rest on the allegations of his or her unsworn pleadings, instead the nonmovant is required to come forth with *evidence* of a genuine factual dispute.

11. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute will not defeat an otherwise properly supported motion for summary judgment; the re-

quirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247–48, 106 S.Ct. at 2510, 91 L.Ed.2d at 211. (Emphasis in original). Material facts are only those facts that might affect the outcome of the action under governing law. *Williams*, 194 W.Va. at 60 n. 13, 459 S.E.2d at 337 n. 13.

no genuine issue of material fact exists. This means the movant bears the initial responsibility of informing the circuit court of the basis of the motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. However, the movant does not need to negate the elements of claims on which the nonmoving party would bear the burden at trial. *See Offshore Aviation v. Transcon Lines, Inc.*, 831 F.2d 1013, 1015 (11th Cir.1987); *Harris v. Mississippi Valley State University*, 899 F.Supp. 1561, 1567 (N.D.Miss.1995).

■ The movant's burden is "only [to] point to the absence of evidence supporting the nonmoving party's case." *Latimer v. SmithKline & French Laboratories*, 919 F.2d 301, 303 (5th Cir.1990). If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response. If the movant, however, does make this showing, the nonmovant must go beyond the pleadings and contradict the showing by pointing to specific facts demonstrating a "trialworthy" issue. To meet this burden, the nonmovant must identify specific facts in the record and articulate the precise manner in which that evidence supports its claims. As to material facts on which the nonmovant will bear the burden at trial, the nonmovant must come forward with evidence which will be sufficient to enable it to survive a motion for directed verdict at trial. If the nonmoving party fails to meet this burden, the motion for summary judgment *must* be granted. *See Nebraska v. Wyoming*, 507 U.S. 584, 590, 113 S.Ct. 1689, 1694, 123 L.Ed.2d 317, 328 (1993); *Lujan v. National*

*Wildlife Federation*, 497 U.S. 871, 884, 110 S.Ct. 3177, 3186, 111 L.Ed.2d 695, 713 (1990).

■ Reviewing the summary judgment determination *de novo*, as we do, we must first ask whether the defendants met their burden of demonstrating the absence of a genuine issue of material fact. In its motion for summary judgment, the defendants presented sufficient information to show the two-year statute of limitations period had expired. Given this showing, we must agree with the circuit court that the defendants adequately demonstrated the absence of a material factual issue as to the statute of limitations bar. In this regard, once the defendants demonstrated the pending action was filed outside the statutory period, the plaintiff had the obligation of bringing itself within the discovery exception. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265, 274 (1986); *Williams*, 194 W.Va. at 62 n. 17, 459 S.E.2d at 338–39 n. 17 (although the party seeking summary judgment always bears the initial responsibility of informing the circuit court of the basis for its motion and identifying those portions of the record, if any, which it believes demonstrate the absence of a material fact, there is nothing in Rule 56 that requires a moving party to negate the existence of the "discovery exception" to the statute of limitations for which the opponent will bear the ultimate burden at trial). The plaintiff bore the burden, as the party opposing the motion, of coming forward with affirmative evidence proving its allegation that it did not know, or by the exercise of reasonable diligence should have known, the nature of its injury and its sources prior to the alleged 1990 discovery.[12]

For purposes of the defendants' motion for summary judgment, the determining issue

---

12. The defendants challenge application of the discovery rule by citing Syllabus Point 3 of *Cart v. Marcum*, 188 W.Va. 241, 423 S.E.2d 644 (1992), wherein we held:

"Mere ignorance of the existence of a cause of action or of the identity of the wrongdoer does not prevent the running of the statute of limitations; the 'discovery rule' applies only when there is a strong showing by the plaintiff that some action by the defendant prevented

the plaintiff from knowing of the wrong at the time of the injury."

The defendants contend the plaintiff has failed to carry its burden of establishing application of the discovery rule because there is not a scintilla of evidence to show any action by the defendants to prevent the plaintiff from knowing of the leakage problem that occurred in 1984 and persisted into 1990. The defendants wish to narrow *Cart* more than we intended. In point of fact, in *Cart* we held that to obtain the benefits of the discovery

for the circuit court was whether the triggering of the applicable statute of limitations was forestalled by the "discovery exception." In Syllabus Point 1 of *Sewell v. Gregory*, 179 W.Va. 585, 371 S.E.2d 82 (1988), we held:

> "The two year statute of limitation for a tort action arising from latent defects in the construction of a house begins to run when the injured parties knew, or by the exercise of reasonable diligence should have known, of the nature of their injury and its sources, and determining that point in time is a question of fact to be answered by the jury."

In assessing whether the nonmoving party satisfied its burden of production, we conclude, as did the circuit court, that the plaintiff offered no evidence of any consequence on the discovery exception. Based on the record before her, the circuit judge properly found:

> "[1] In the instant case members of the Plaintiff association knew of water infiltration problems prior to the institution of the 1984 law suit.
>
> "[2] Even if the discovery rule is applied in the instant suit, the suit is barred by the applicable statute of limitations inasmuch as the Plaintiff either knew or by reasonable diligence should have known of its cause of action prior to the 1984 law suit."

Rule 56 does not impose upon the circuit court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment. Nor is it our duty to do so on appeal. Because the plaintiff filed no fact-specific affidavit, it did not meet its burden to designate specific facts showing a genuine issue for trial. In its argument to this Court, the plaintiff relies heavily on the affidavit of George Bell to support its position that there was a genuine issue of fact as to the statute of limitations. However, the affidavit was not made part of the summary judgment record. Although our review of the record from a summary judgment proceeding is *de novo*, this Court for obvious reasons, will not consider evidence or arguments that were not presented to the circuit court for its consideration in ruling on the motion. To be clear, our review is limited to the record as it stood before the circuit court at the time of its ruling.

Upon proper *de novo* review of the record as a whole, we discern no basis to disagree with the circuit court's ruling.[13] The plaintiff concedes as much. Rather, the plaintiff contends the judgment should be reversed because (1) there was insufficient opportunity to conduct discovery on the statute of limitations issue, and (2) the circuit court improperly denied its motion for reconsideration.[14] The circuit court's closely reasoned opinion

---

rule a plaintiff had to "make a strong showing of fraudulent concealment, inability to comprehend the injury, or other extreme hardship[.]" *188 W.Va. at 245, 423 S.E.2d at 648.*

13. During oral argument, counsel for the plaintiff urged this Court to review carefully the record because, in his judgment, the record was sufficient to withstand the motion for summary judgment. We have obliged counsel and our careful review reveals that the only evidence that favors the plaintiff goes solely to the issue of res judicata. We expressly find that there is insufficient evidence to prevent the granting of a summary judgment.

14. Although not raised as an issue by either party, the final order of the circuit court contained the following conclusion of law: "Viewing this case *in the light most favorable to the Defendant* and assuming for purposes of these conclusions that the Plaintiff has a viable negligence

action, the cause of action accrued when the tort occurred." (Emphasis added.) The defendants were the moving parties below, i.e., they motioned for summary judgment. In Syllabus Point 2 of *Stemple v. Dobson*, 184 W. Va. 317, 400 S.E.2d 561 (1990), we held:

> " 'A party who moves for summary judgment has the burden of showing that there is no genuine issue of fact and any doubt as to the existence of such issue is resolved against the movant for such judgment.' Syllabus Point 6, *Aetna Casualty & Sur. Co. v. Federal Ins. Co. of N.Y.*, 148 W.Va. 160, 133 S.E.2d 770 (1963)."

In other words, our rule has consistently been that "it is incumbent upon a trial court to view the facts in [a summary judgment motion] in a light most favorable to the party against whom judgment is to be rendered." *Perrine v. Mert Development, Inc.*, 177 W.Va. 560, 562, 355 S.E.2d 53, 55 (1987), *citing Board of Educ. of the County of Ohio v. Van Buren and Firestone Architects, Inc.*, 165 W.Va. 140, 267 S.E.2d 440

mortally wounds the arguments the plaintiff parades before us. Thus, we affirm the judgment largely for the reasons articulated by the defendants, adding only the finishing touches. We will review these assigned errors in turn.

## B.

### Summary Judgment Was Not Precipitously Granted

We next address plaintiff's lamentation that it was deprived of the discovery opportunity which it needed to mount a meaningful opposition to the defendants' dispositive statute of limitations theory. According to the plaintiff, the parties concentrated discovery only on the issue of res judicata and did not have an opportunity to engage in discovery on the statute of limitations issue; therefore, no evidence was on record for the circuit court to grant summary judgment on that issue. The defendants disagree and assert that all parties had ample opportunity to conduct discovery on the issue of the statute of limitations, but that only the defendants marshaled evidence on this theory. The defendants point out, and the record ably supports, that the plaintiff expressly requested the circuit court grant it additional time to conduct discovery on both the issues of res judicata and the statute of limitations before ruling on the summary judgment motions. The plaintiff was granted the requested continuance. The defendants point out the continuance was for only ninety days, but unforeseen circumstances extended summary

judgment discovery for a total of sixteen months. The defendants correctly argue that "it is disingenuous for the plaintiff to assert at this juncture, insufficient opportunity to conduct discovery as a basis for this appeal."

The defendants also point out that even if there was any validity to plaintiff's argument that it had an insufficient opportunity to conduct discovery on the statute of limitations issue, there was a procedural mechanism under Rule 56(f) of the West Virginia Rules of Civil Procedure which it could have invoked in an attempt to protect itself.[15] The plaintiff, however, did not avail itself of this rule.

 As a general rule, summary judgment is appropriate only after adequate time for discovery. *See Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 276. A party opposing a motion for summary judgment must have a reasonable "opportunity to discover information that is essential to [its] opposition" to the motion. *See Anderson,* 477 U.S. at 250 n. 5, 106 S.Ct. at 2511 n. 5, 91 L.Ed.2d at 213 n. 5. In *Board of Education of the County of Ohio,* 165 W.Va. at 144, 267 S.E.2d at 443, we stated that granting a motion for summary judgment before the completion of discovery is "precipitous." Under Rule 56(f), a procedural "escape hatch" is provided for a party who genuinely requires additional time to marshal material facts to contest a summary judgment motion. We have visited the purlieus of the rule in the recent past. In *Williams,* 194 W.Va. at 62, 459 S.E.2d at 338–39, we implied that non-

(1980). The circuit court's order could be read to suggest that the court viewed the summary judgment motion in a manner that was fundamentally inconsistent with the law. We believe this is a typographical error and, even if it is not, it is an error of no consequence since we are obligated to review this issue *de novo.* "[C]ircuit courts have heavy workloads ... [and] appellate tribunals should not stand unduly on ceremony or technicalities but, rather should fill in the blanks in the circuit court's account when the record and circumstances permit that to be done without short-changing the parties." *Brown v. Gobble,* 196 W. Va. 559, 570 n. 18, 474 S.E.2d 489, 500 n. 18 (1996).

15. Under Rule 56(f), the plaintiff was required to submit an affidavit explaining why further discovery was necessary prior to a ruling on the motions for summary judgment. Rule 56(f) reads in part:

"Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

702

compliance with Rule 56(f) is itself justification for rejecting a claim that the opportunity for discovery was inadequate. We, like the Fourth Circuit, place great weight on the Rule 56(f) affidavit, believing that "[a] party may not simple assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirement of Rule 56(f) to set out reasons for the need for discovery in the affidavit." *Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir.1995). However, invocation of Rule 56(f) does not demand hypertechnical compliance with its terms. In appropriate surroundings, some alternative statement might serve. Indeed, some cases have accepted a nonaffidavit pleading—a letter—as sufficient under Rule 56(f). *See Littlejohn v. Shell Oil Co.*, 483 F.2d 1140, 1146 (5th Cir.), (*en banc*), *cert. denied*, 414 U.S. 1116, 94 S.Ct. 849, 38 L.Ed.2d 743 (1973). *See also Hayes v. Marriott*, 70 F.3d 1144, 1146 (10th Cir.1995), *quoting Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir.1991) ("[t]he plaintiff's complaint may also be considered an affidavit if it alleges facts based on the plaintiff's personal knowledge and has been sworn under penalty of perjury").

■ The case *sub judice* requires us to elaborate upon what may constitute substantial compliance in the vernacular of Rule 56(f). An opponent of a summary judgment motion need not follow the exact letter of Rule 56(f) in order to obtain its benefits. Nevertheless, a litigant departs from the plain language at his or her peril. Counsel desirous of forestalling the swinging of the summary judgment axe would do well to heed the tenor and spirit of the criteria we establish below. When a departure occurs, the alternative proffer must simulate the rule in important ways. Ordinarily, it should be made in written form and in a timely manner. The statement must be made, if not by affidavit, then in some authoritative manner by the party under penalty of perjury or by written representations of counsel subject to Rule 11 of the West Virginia Rules of Civil Procedure and filed with the circuit court. At a minimum, the party making the motion

for a continuance must satisfy four requirements. It should (1) articulate some plausible basis for the party's belief that specified "discoverable" material facts likely exist which have not yet become accessible to the party; (2) demonstrate some realistic prospect that the material facts can be obtained within a reasonable additional time period; (3) demonstrate that the material facts will, if obtained, suffice to engender an issue both genuine and material; and (4) demonstrate good cause for failure to have conducted the discovery earlier.

■ These are the benchmarks, we think, by which attempts to invoke Rule 56(f), formally or informally, must be measured. We do not expect this test to be applied in a wooden fashion. As always, the bottom line is that the circuit court has broad discretion in determining whether to grant a continuance for discovery. Assuming, arguendo, that the plaintiff formally requested Rule 56(f) relief, the circuit court, nevertheless, had discretion to deny the relief. First, the burden is on the party seeking to conduct additional discovery to put forth sufficient facts before the circuit court to demonstrate that the evidence sought exists. The plaintiff clearly did not meet this burden. Second, and more significantly, "the [circuit court] does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past." *California Union Ins. Co. v. American Diversified Sav. Bank*, 914 F.2d 1271, 1278 (9th Cir.1990), *cert. denied*, 498 U.S. 1088, 111 S.Ct. 966, 112 L.Ed.2d 1052 (1991). *See also Qualls v. Blue Cross of California*, 22 F.3d 839, 844 (9th Cir.1994). Here, the record indicates the circuit court granted the parties an additional ninety days to conduct discovery on both theories, and, as matters turned out, the parties actually had an additional thirteen months to prepare for both the res judicata and statute of limitations issues.

■ In addition, although the plaintiff's failure to formally request a Rule 56(f) continuance may not be fatal, the absence of a formal request is relevant to the question

whether the circuit court abused its discretion. The record before us clearly demonstrates the plaintiff did not muster a formal Rule 56(f) request to forestall summary judgment. *See Evans v. Technologies Applications & Service Co.*, 80 F.3d 954, 961 (4th Cir.1996) ("the nonmoving party cannot complain that summary judgment was granted without discovery unless that party made an attempt to oppose the motion on the grounds that more time was needed for discovery or moved for a continuance to permit discovery before the [trial] court ruled"). The plaintiff did not mount anything vaguely resembling the informal Rule 56(f) request announced herein. As we have remarked in a different context: The law ministers to " 'the vigilant, not those who slumber on their rights.' " *Province v. Province*, 196 W. Va. 473, 483, 473 S.E.2d 894, 904 (1996) , *quoting Banker v. Banker*, 196 W. Va. 535, 547, 474 S.E.2d 465, 477 (1996) (Slip op. at 25), *citing Puleio v. Vose*, 830 F.2d 1197, 1203 (1st Cir.1987). "Courts, like the Deity, are frequently moved to help those who help themselves." *Paterson–Leitch Company, Inc. v. Massachusetts Municipal Wholesale Electric Company*, 840 F.2d 985, 989 (1st Cir.1988). Given these factors, it is clear the plaintiff did not contradict the evidence the defendants produced on the issue of the statute of limitations. Accordingly, we find no error in the circuit court's decision granting summary judgment.

## C.

### *The Circuit Court Properly Denied Motion to Reconsider*

The plaintiff filed a motion for reconsideration with the circuit court. In that motion, the plaintiff quoted language from an affidavit provided by George Bell,[16] a building and maintenance expert who actually investigated and observed the water damage to the condominiums in 1984, as well as the damage allegedly discovered in 1990. It was the contention of Mr. Bell that the damage in 1990 was "the result of problems and defects different from and unrelated to those detected and repaired in 1984." [17] The circuit court, by order of February 7, 1995, denied plaintiff's motion for reconsideration.

---

**16.** This affidavit has been a source of problems for the plaintiff. First, although the plaintiff quoted excerpts from the affidavit in its "motion for reconsideration," the plaintiff failed to attach said affidavit to the motion; therefore the affidavit, upon which the plaintiff heavily relies, never became a part of the record below and the circuit court never actually saw or read the affidavit itself. Second, the affidavit was submitted with the original record in this appeal. However, the defendant, Virginia Homes, promptly motioned this Court to strike the affidavit on the grounds that it was not a part of the record below. This Court granted said motion to strike. Third, the plaintiff then filed a motion with this Court for leave to supplement the record by adding the affidavit. This Court allowed the record to be supplemented, over the objections of the defendant Virginia Homes. Appellate exhibits may be used by an appellate court in several ways. However, the law is clear in West Virginia that an appellate exhibit has no evidentiary value on appeal unless it was introduced in the circuit court or it is subject to judicial notice under Rule 201 of the West Virginia Rules of Evidence. Our rule remains steadfast that the record may not be enhanced or broadened on appeal except by the methods discussed or by the stipulation of the parties. *See O'Neal v. Peake Operating Co.*, 185 W.Va. 28, 404 S.E.2d 420 (1991) (this Court may only consider matters appearing in the trial record). We discern none of the circumstances that would justify a departure from the usual rule.

**17.** The pertinent language of Mr. Bell's affidavit provides:

"2. That in 1984, a water infiltration problem was detected in a limited number of units and was determined to be the result of the construction of the sills of the level 1 and level 2 rear doors which allowed water to enter;

"3. That repairs were undertaken, including use of foam insulation, caulking and installation of a piece of wood trim;

"4. That I was present for the inspection/investigation of this problem on November 28, 1984 and participated in the discussion of the remedy . . .;

"5. That following the repairs . . ., the water infiltration problem . . . appeared to have been remedied as no further signs of leaking or infiltration were obvious;

"6. That in 1990, housekeeping services in the Powderidge Condominiums noticed water stains on walls, under carpeting and in other areas on the rear walls of a number of units, prompting an extensive investigation of all 84 units;

"7 This investigation revealed extensive water damage to all units which was far more extensive than the 1984 problem and was determined to have been the result of problems and defects different from and unrelated to those detected and repaired in 1984;

"8. The repairs necessitated by the problems discovered in 1990 required complete re-

The plaintiff now contends the affidavit of Mr. Bell placed into dispute two related material issues of fact which presented questions for jury determination: (1) whether the cause of the leakage in 1984 was the same cause of the leakage in 1990; and (2) whether the 1990 leakage problem could have been discovered in 1984.

The defendants counter this argument by relying on three affidavits the plaintiff tendered below on the issue of res judicata.[18] These affidavits show the plaintiff was aware of the leakage problem that occurred in 1984. Moreover, the defendants argue the location of the damage, in the rear walls of the condominium units, was the same in 1990 and 1984 and, therefore, the cause of the leakage was the same. The defendants contend that because the location of the problem was the same and the plaintiff was aware of the leakage problem in 1984, the plaintiff's negligence claim was barred by the two-year limitation found in W. Va.Code, 55–2–12(a) (1959), which provides that a negligence claim must be filed "[w]ithin two years next after the right to bring the same shall have accrued, if it be for damage to property[.]" Under the defendants' theory, the plaintiff had to bring the present cause of action prior to 1987. After carefully reviewing the record, we find the plaintiff, in bringing its motion for reconsideration, failed to satisfy the prerequisites of both Rule 60(b)[19] and Rule 56(e)[20] of the West Virginia Rules of Civil Procedure.

We first must determine the scope of our appellate review in the instant case. When a party filing a motion for reconsideration does not indicate under which West Virginia Rule of Civil Procedure it is filing the motion, as in the case *sub judice*, we have considered the motion to be either a Rule 59(e) motion to alter or amend a judgment or a Rule 60(b) motion for relief from a judgment order. *See Savage v. Booth*, 196 W.Va. 65, 67–68, 468 S.E.2d 318, 320–21 (1996); *In re Burnley*, 988 F.2d 1, 2 (4th Cir.1992). In note 5 of *Savage*, 196 W.Va. at 68, 468 S.E.2d at 321, we adopted a bright-line rule that if the motion is filed within ten days of the circuit court's entry of judgment, the motion is treated as a motion to alter or amend under Rule 59(e). If the motion is filed outside of the ten-day limit, it can only be addressed under Rule 60(b). *See Computer Professionals v. U.S. Secret Service*, 72 F.3d 897, 903 (D.C.Cir.1996) ("[a]n untimely motion under Rule 59(e) may be considered as a motion under Rule 60(b) if it states grounds for relief under that rule."). (Citations omitted.) In the instant proceeding, the circuit court entered its summary judgment order on December 9, 1994. The plaintiff filed its motion for reconsideration on January 26, 1995. Obviously, the motion was not timely to be treated under Rule 59(e); therefore, it must be considered as a motion under Rule 60(b).[21]

Although Rule 60(b) does not explicitly allow a party to file a motion for

moval of the rear wall of all units and replacement of all portions of the rear wall[.]"

18. The affidavits were from two former officers and the current president of the plaintiff. All three affidavits acknowledge that the affiants were aware of leakage problems during the 1984 period, but did not have knowledge of the lawsuit between Highland and Virginia Homes. The affiants indicate that Highland paid for the cost of repairing the 1984 damage.

19. Rule 60(b) of the Rules of Civil Procedure provides, in relevant part:

"On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) [m]istake, inadvertence, surprise, excusable neglect, or unavoidable cause;

(2) newly discovered evidence ...; (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied ...; or (6) any other reason justifying relief[.]"

20. *See* note 24, *infra*.

21. In note 5 of *Cox v. State*, 194 W.Va. 210, 220, 460 S.E.2d 25, 34–35 (1995) (Cleckley, J., concurring), it was noted that "[t]here is a significant disadvantage and tradeoff in proceeding under Rule 60(b) [as opposed to Rule 59(e)]. Rarely is relief granted under this rule because it provides a remedy that is extraordinary and is only invoked upon a showing of exceptional circumstances. Because of the judiciary's adherence to the finality doctrine, relief under this provision is not to be liberally granted."

clarification and reconsideration,[22] it is well established that a proper Rule 60(b) motion may urge a court to reconsider or vacate a prior judgment. Syl. pt. 3, *Lieving v. Hadley*, 188 W. Va. 197, 423 S.E.2d 600 (1992); *Bego v. Bego*, 177 W.Va. 74, 78, 350 S.E.2d 701, 705 (1986); *CNF Constructors, Inc. v. Donohoe Construction Co.*, 57 F.3d 395, 400–401 (4th Cir.1995) (per curiam); 11 Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2857 at 254–64 (2nd ed. 1995).

 The plaintiff's motion for reconsideration cites several crucial and important facts. Facts which, if properly documented and presented at the summary judgment proceeding, would have been sufficient to preclude the granting of the motion for summary judgment.[23] Indeed, the plaintiff strongly contends that its motion for reconsideration cured its earlier failure to comply with the summary judgment mandates of Rule 56(e), and the circuit court abused its discretion by refusing to consider the new information in its motion and in its refusal to reverse its earlier summary judgment. We disagree.

 Our review of a denial of a motion to reconsider is for an abuse of discretion. *See Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521, 530 n. 7 (1978); *Johnson v. Nedeff*, 192 W.Va. 260, 266, 452 S.E.2d 63, 69 (1994); *Robinson v. McKinney*, 189 W.Va. 459, 465, 432 S.E.2d 543, 549 (1993); Syl., *Ross v. Ross*, 187 W.Va. 68, 415 S.E.2d 614 (1992); Syl. pt. 5, *Toler v. Shelton*, 157 W.Va.

778, 204 S.E.2d 85 (1974); Syl., *Intercity Realty Co. v. Gibson*, 154 W.Va. 369, 175 S.E.2d 452 (1970). This standard of review reflects the circuit court's institutional position as the forum best equipped for determining the appropriate use of Rule 60(b) to ensure that litigants who have vigorously and diligently complied with the summary judgment mandates of Rule 56 are not penalized by the action of those who choose not to comply.

 In establishing the bounds of such motion, the weight of authority supports the view that Rule 60(b) motions which seek merely to relitigate legal issues heard at the underlying proceeding are without merit.[24] *See* Syl. pt. 4, *Johnson* ("Rule 60(b) ... does not afford relief from a final judgment of the circuit court dismissing a personal injury action with prejudice for failure to comply with the statutory limitations for instituting suit"); *Smith v. Evans*, 853 F.2d 155, 158 (3rd Cir. 1988) ("legal error, without more, cannot justify granting a Rule 60(b) motion."). (Citations omitted); *United States v. Williams*, 674 F.2d 310, 312 (4th Cir.1982) ("Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue.... Where the motion is nothing more than a request that the ... court change its mind ... it is not authorized by Rule 60(b)"). (Citation omitted). A Rule 60(b) motion is "designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir.1995), *citing McMillan v. MBank Fort Worth, N.A.*, 4 F.3d 362, 367

22. We continue to caution trial counsel that a "motion for reconsideration" is not explicitly sanctioned by the West Virginia Rules of Civil Procedure. There are good reasons to avoid the label. As a title, it is meaningless and, more significantly, when a motion is designated merely as a "motion for reconsideration," the party employing the term gives the court nearly unfettered discretion to determine its meaning and scope. These problems can be avoided by counsel labeling the motion according to the rule he or she believes is applicable.

23. On a motion for summary judgment, a circuit court cannot try issues of fact; it can only determine whether there are issues to be tried. If, as

to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is improper.

24. It has been held by some jurisdictions that a Rule 59(e) motion for reconsideration is the "device to relitigate the original issue." *Pittsburgh Terminal Corp. v. Baltimore & Ohio R.R.*, 824 F.2d 249, 253 (3rd Cir.1987). *See CNF Constructors, Inc.*, 57 F.3d at 401 n. 2. We express no opinion on the substantive attributes of Rule 59(e).

(5th Cir.1993). A circuit court is not required to grant a Rule 60(b) motion unless a moving party can satisfy one of the criteria enumerated under it. In other words, a Rule 60(b) motion to reconsider is simply not an opportunity to reargue facts and theories upon which a court has already ruled. *See* Syl. pt. 2, *N.C. v. W.R.C.*, 173 W.Va. 434, 317 S.E.2d 793 (1984) ("[t]he definition of an independent action, as contemplated by *W.Va.R.Civ.P.* 60(b), is an equitable action that does not relitigate the issues of the final judgment, order or proceeding from which relief is sought and is one that is limited to special circumstances").

■■■ It is established also that a Rule 60(b) motion does not present a forum for the consideration of evidence which was available but not offered at the original summary judgment motion. *See Anthony v. Runyon*, 76 F.3d 210, 215 (8th Cir.1996) ("a motion for reconsideration should not be used 'as a vehicle' to introduce new evidence that could have been adduced during pendency of the [previous] motion"). (Citations omitted). We must now address specifically whether the new information contained in the plaintiff's motion to reconsider is "newly discovered." [25] The great weight of authority is that failure to file documents in an original motion does not convert the late filed documents into "newly discovered evidence." *See Brotherhood of Railway, Airline & S.S. Clerks, Freight Handlers, Express & Station Employees v. St. Louis Sw. Ry.*, 676 F.2d 132, 140 (5th Cir.1982); *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993); *Richardson v. National Rifle Association*, 879 F.Supp. 1, 2 (D.D.C.1995); *Timothy A. Garverick & Associates v. Heidtman Steel*, 807 F.Supp. 430, 434 (E.D.Mich.1992). In the instant matter, the evidence is clear that the contents of Mr.

Bell's affidavit was known prior to the summary judgment motion. In other words, the "[p]laintiff ... was at liberty to raise this [matter] in a properly filed response to the motion for summary judgment, which [it] did not do." *Hood v. Hood*, 59 F.3d 40, 43 (6th Cir.1995).

■■■ On this record, we are unable to reach any other principled decision than that the circuit court did not abuse its discretion in not further indulging the plaintiff in another round of judicial proceedings. In the circuit court's mind, the plaintiff's failure to proffer Mr. Bell's affidavit at the time the motion for a summary judgment was being considered may have been a strategic decision for which the plaintiff bears the responsibility. The circuit court's refusal to reconsider its earlier ruling may be harsh, but its harshness is lessened by another omission of the plaintiff.

■■■ Even if the circuit court would have reconsidered its summary judgment ruling, the motion filed by the plaintiff was not sufficient to permit a different outcome. Although the motion alleged new facts, the facts were never properly documented as required by Rule 56(e).[26] The plaintiff's proffered affidavit of Mr. Bell was never tendered to the circuit court; only some of the salient points of the affidavit were restated in the motion's memorandum. When a party opposing summary judgment fails to comply with the formalities of Rule 56(e), a circuit court may choose to be lenient in the exercise of its discretion to deal with deficiency. *See Celotex*, 477 U.S. at 324, 106 S.Ct. at 2558, 91 L.Ed.2d at 274; *Williams*, 194 W.Va. at 59, 459 S.E.2d at 337–38 (nonmoving party need not produce affidavits in a form admissible at trial). However, discretionary leniency does not stretch so far that

**25.** To come within the "newly discovered" evidence rule, the plaintiff at a minimum must show that the evidence was discovered since the adverse ruling and that the plaintiff was diligent in ascertaining and securing this evidence. By this, we mean that the new evidence is such that due diligence would not have permitted the securing of the evidence before the circuit court's ruling.

**26.** Rule 56(e) provides, in relevant part: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

Rule 56(e) becomes meaningless. *See Peterson v. United States,* 694 F.2d 943, 945 (3rd Cir.1982) (failure to attach key documents to affidavit violated Rule 56(e)); *Canada v. Blain's Helicopters, Inc.,* 831 F.2d 920, 925 (9th Cir.1987) (unauthenticated documents may not be relied upon to defeat a motion for summary judgment).

 Here, due to the absence of other evidence, Mr. Bell's affidavit would have been necessary to create a "trialworthy" issue, yet this crucial document was never provided to the circuit court. A dispute about a material fact is "genuine" only when a reasonable jury could render a verdict for the nonmoving party, if the record at trial were identical to the record compiled in the summary judgment proceedings before the circuit court. *See Griffin v. City of Milwaukee,* 74 F.3d 824, 827 (7th Cir.1996). Lacking this documentation, counsel's motion and memorandum for reconsideration amounted to nothing more than an attorney's argument lacking evidentiary support. *Williams,* 194 W.Va. at 61 n. 14, 459 S.E.2d at 338 n. 14 ("self-serving assertions without factual support in the record will not defeat a motion for summary judgment").

. Our conclusion with regard to Rule 60(b) promotes the twin concerns of judicial efficiency and respect for the burdensome trial management responsibilities of a circuit court. Questions of the adequacy of the motion to reconsider due to "newly discovered evidence" will usually turn upon findings of fact or other trial management factors, and a circuit court is better equipped to make these decisions than an appellate court. This is not to deny our jurisdiction to review for abuse of discretion an appeal from a Rule 60(b) ruling, but when a party chooses to utilize the attention and limited resources of a circuit court in a motion under Rule 60(b), we think it is just and proper that it be required to put before the circuit court whatever infirmities or evidence supports setting aside the final judgment. This brings to bear the circuit court's discretion and unique knowledge of the case and maintains this Court's role as a forum for resolving disputed questions of law—not facts or matters controlled by the circuit court's discretion.

### III.

### CONCLUSION

We return to the point of our beginning. The plaintiff's several efforts to mount an offensive are uniformly unavailing. The record in this case simply will not support a reasonable inference that the two-year statute of limitations is not a bar to this action. Consequently, we need go no further. The orders of the Circuit Court of Kanawha County granting summary judgment and denying reconsideration are affirmed.

Affirmed.