# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Kayla B. Barb and Deanna K. Wright**
**Plaintiffs Below, Petitioners**

**vs) No. 14-1115** (Jefferson County 13-C-382)

**The Shepherd University Board of Governors,**
**Defendant Below, Respondent**

**FILED**

January 8, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners, Kayla B. Barb and Deanna K. Wright,[1] by counsel Jerry D. Moore and Jared T. Moore, appeal the October 15, 2014, order of the Circuit Court of Jefferson County granting summary judgment to respondent. Respondent, The Shepherd University Board of Governors ("Shepherd University"), by counsel Lucien G. Lewin, Amy M. Smith, and Carlie M. Lacy, responds in support of the circuit court's order. Petitioners filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 13, 2012, Kayla Barb, then a student at Shepherd University, was struck by a motor vehicle[2] as she was crossing a crosswalk on West Virginia State Route 480, a public roadway that bisects the east and west campuses of Shepherd University. On October 22, 2013, petitioners filed a complaint against respondent in the Circuit Court of Jefferson County, asserting claims of negligence and premises liability.

On September 10, 2014, respondent filed a motion for summary judgment and argued that it could not be held liable for petitioners' claims because it did not own the property where the accident occurred; because Ms. Barb's damages were not proximately caused by respondent; because Ms. Barb failed to exercise ordinary care, assumed the risk of injury and caused her own injuries; and because the actions of Ms. Barb and Ms. Smallwood constituted superseding and

---

[1]Petitioner Wright is the mother of Petitioner Barb.

[2]Ms. Barb was struck by a motor vehicle driven by Bonnie Mae Smallwood. While named as a defendant in petitioners' complaint, Ms. Smallwood is not involved in this appeal.

1

intervening causes. Petitioners served a response to the motion for summary judgment on September 26, 2014.

The circuit court conducted a pretrial hearing on October 3, 2014, at which time the court heard argument on respondent's motion for summary judgment. The circuit court reserved its ruling on respondent's motion for summary judgment to allow respondent to file a reply in support of its motion, which was filed on October 8, 2014. During an October 14, 2014, telephonic hearing, the circuit court granted respondent's motion for summary judgment.

In its order granting respondent's motion for summary judgment, entered October 15, 2014, the circuit court found that because respondent did not own the property upon which the accident occurred, it had no duty to Ms. Barb to ensure her safety while crossing the crosswalk at issue. Further, the court noted that as petitioners failed to establish a duty owed by respondent to petitioners, petitioners claims could not proceed as a matter of law.

The court further ruled that respondent did not cause Ms. Barb's injuries. In making its finding, the circuit court noted that the following facts were undisputed:

1) Ms. Barb was struck by a motor vehicle while crossing a crosswalk located on West Virginia State Route 480 and injured as a result thereof;

2) Ms. Smallwood admitted that she had driven the route where the crosswalk is located for thirty years, that she knows that students use the crosswalk, and that she has stopped for students several times in the past;

3) Ms. Smallwood admitted that she could see both the road and the crosswalk clearly but that she did not look to see whether any pedestrians were nearing the crosswalk in preparation to cross the road;

4) Ms. Smallwood admitted that she had a duty to yield to Ms. Barb, a pedestrian, and that she did not so yield;

5) Ms. Barb admitted that she was aware that vehicle traffic at the crosswalk at issue was potentially dangerous, that vehicles sometimes travel too fast through that area, and that drivers often do not stop to allow students to cross the road;

6) Ms. Barb admitted that she knew she was supposed to look both ways before crossing a street, and that no evidence was submitted to show that she looked both directions while crossing the crosswalk; and

7) Ms. Barb admitted that she had her iPod and cell phone with her at the time of the accident, and an eyewitness saw her with earbuds in her ears and with the cell phone immediately prior to the accident.

2

Based on these factors, the circuit court found that Ms. Smallwood and Ms. Barb's own negligent actions and failure to use reasonable care were the proximate and intervening causes of Ms. Barb's injury and damages. It is from the circuit court's October 15, 2014, order that petitioners now appeal.

We review the award of summary judgment under the standard set forth in syllabus point one of *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994), where we held that "[a] circuit court's entry of summary judgment is reviewed *de novo*." We have further held that:

> [s]ummary judgment is appropriate if, from the totality of the evidence presented, the record could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

Syl. Pt. 2, *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 459 S.E.2d 329 (1995).

Pursuant to Rule 56(c) of the West Virginia Rules of Civil Procedure, in part, summary judgment is appropriate when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Accordingly, "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. Pt. 3, *Aetna Cas. & Sur. Co., v. Fed. Ins. Co. of N.Y.*, 148 W.Va. 160. 133 S.E.2d 770 (1963). In *accord*, Syl. Pt. 1, *Andrick v. Town of Buckhannon*, 187 W.Va. 706, 421 S.E.2d 247 (1992); Syl. Pt. 1, *Williams*; Syl. Pt. 3, *Evans v. Mut. Mining*, 199 W.Va. 526, 485 S.E.2d 695 (1997).

With these principles in mind, we turn to the issues in this case. On appeal, petitioners assert three assignments of error. First, petitioners argue that the circuit court erred in not recognizing, as a matter of law, that respondent owed Ms. Barb a duty of care. Second, petitioners contend that the circuit court erred in finding that the acts and omissions of respondent were not the proximate cause of petitioners' injuries and damages. Lastly, petitioners argue that the circuit court's award of summary judgment to respondent was premature.

In order to establish a prima facie case of negligence in West Virginia, a plaintiff must show that a defendant has been guilty of some act or omission in violation of a duty owed to the plaintiff. No action will lie without a duty broken. *Jack v. Fritts*, 193 W.Va. 494, 497-98, 457 S.E.2d 431, 434-35 (1995) (quoting Syl. Pt. 1, *Parsley v. General Motors Acceptance Corp.*, 167 W.Va. 866, 280 S.E.2d 703 (1981)). Determinations of whether a defendant owes a duty to the plaintiff is a determination to be rendered by the court as a matter of law. *See* Syl. Pt. 5, *Aikens v. Debow*, 208 W.Va. 486, 541 S.E.2d 576 (2000).

In the case sub judice, respondent filed its motion for summary judgment seeking dismissal of petitioners' claims that respondent was negligent in failing to warn students and motorists of the dangerous condition of the crosswalk; in failing to inspect, repair and monitor warning devices in place at or around the crosswalk; and in failing to "protect the safety of

3

student pedestrians crossing West Virginia Route 480." Based upon the evidence before it, the circuit court determined that respondent owed no duty to petitioners. The circuit court noted that it was undisputed that the respondent did not own the property upon which the accident at issue occurred. The accident occurred on a public roadway owned by the State of West Virginia. As such, respondent had no duty to Ms. Barb to ensure her safety while crossing the subject crosswalk.[3]

Petitioners liken the facts of this case to the facts present in syllabus point three of *Andrick v. Town of Buckhannon*, 187 W.Va. 706, 421 S.E.2d 247 (1992), in which we held that

> [w]here the operator of a business obtains the right for its customers to park in an adjoining lot owned by another and invites them to do so, the operator has a duty of reasonable care to protect its invitees from defective or dangerous conditions existing in the parking area which the operator knows or reasonably should know exist.

In *Andrick*, the defendants owned and operated a restaurant. The building where the restaurant was located was leased from the owner of a motel located on the other side of the street. Restaurant customers were allowed to park in the motel parking lot. Mrs. Andrick parked her vehicle in the motel parking lot and walked towards the restaurant. While walking to the restaurant, she fell in the motel parking lot and was injured. Petitioners contend that similar to the restaurant owner in *Andrick*, respondent was fully aware that its students were required to cross West Virginia 480 in order to travel between respondent's west and east campuses, and that the students predominantly used the crosswalk at issue for such purpose. As such, petitioners contend that the circuit court erred in failing to recognize that respondent owed Ms. Barb a duty of care under a premises liability standard. Conversely, respondent argues that the facts present in the *Andrick* case are readily distinguishable from the facts of the case herein, as the accident at issue in this case occurred on publicly owned and publicly used property, where the accident in *Andrick* occurred on privately owned and maintained property. We agree.

Here, there is no dispute in the record that the property where the accident occurred was owned by the State of West Virginia. It was further undisputed that the WVDOH maintained State Route 480 and controlled the crosswalk at issue at all relevant times. The record reveals that respondent needed (and requested) permission and authority from the WVDOH to make improvements to the crosswalk, and the correspondence between it and the WVDOH illustrates the WVDOH's control over the crosswalk.

As we noted in syllabus point three of *Puffer v. The Hub Cigar Store, Inc.*, 140 W.Va. 327, 84 S.E.2d 145 (1954) (*overruled on other grounds by Mallet*),

> [t]he owner or the occupant of premises used for business purposes is not an insurer of the safety of an invited person present on such premises and, if such

---

[3]See *McDonald v. Univ. of W.Va. Bd. of Trustees*, 191 W.Va. 179, 444 S.E.2d 57 (1994); *Hersh v. E-T Enterprises, Ltd. P'ship,* 232 W.Va. 305, 752 S.E.2d 336 (2013).

owner or occupant is not guilty of negligence or willful or wanton misconduct and no nuisance exists, he is not liable for injuries there sustained by such invited person.

Because petitioners have failed to establish a duty owed by respondent to petitioners, their claims cannot proceed as a matter of law. *Yourtree v. Hubbard*, 196 W.Va. 683, 689, 474 S.E.2d 613, 619 (1996). Thus, based upon the limited circumstances of this case, we find no error with the circuit court's ruling that respondent did not owe Ms. Barb a duty of care to ensure her safety as she crossed a publicly owned crosswalk.

In their second assignment of error, petitioners contend that the circuit court erred in construing questions of material fact against petitioners by finding that respondent's acts and omissions were not the proximate cause of petitioners' injuries and damages. We decline to address petitioner's arguments on this issue, as our ruling on petitioner's first assignment of error (finding that respondent owed petitioner no duty of care) is dispositive as to this issue as well.

Lastly, petitioners argue that the circuit court's award of summary judgment to respondent was premature because additional discovery was necessary.[4] It is undisputed that in the several months prior to respondent's filing its motion for summary judgment, that petitioners filed a motion to compel.[5] Specifically, petitioners sought the circuit court's intervention to compel respondent to produce witnesses for deposition and to produce certain documents. Petitioners filed their motion to compel on July 21, 2014. Respondent filed its motion for summary judgment on September 10, 2014. In their response to the motion for summary judgment, petitioners do not reference the need for additional discovery. At no time after the filing of respondent's motion for summary judgment did petitioners submit any affidavits, as outlined in Rule 56(f) of the West Virginia Rules of Civil Procedure,[6] arguing that respondent's summary judgment motion was premature.

---

[4]In support of their position, petitioners cite *Payne's Hardware & Bldg. Supply, Inc., v. Apple Valley Trading Co., of W.Va*, 200 W.Va. 685, 690, 490 S.E.2d 772, 777 (1997), in which this Court found that "[s]ummary judgment is appropriate only after the non-moving party has enjoyed 'adequate time for discovery'". Further, this Court has recognized that summary judgment prior to the completion of discovery is "precipitous." *Id*.

[5]During the course of discovery, on July 21, 2014, petitioners filed a motion to compel against respondent, requesting that respondent be compelled to designate a representative with sufficient knowledge to fully and completely answer questions with regard to certain topics and that respondent be compelled to produce certain documents. Respondent filed a response to the motion to compel indicating that all available information had been provided to petitioners. Petitioners submitted a reply. No ruling was made upon the motion to compel prior to the court's granting of summary judgment to respondent.

[6]Rule 56(f) of the West Virginia Rules of Civil Procedure provides that

(continued . . .)

5

Conversely, respondent argues that the circuit court did not abuse its discretion in granting summary judgment prior to ruling on petitioners' motion to compel because petitioners did not comply with Rule 56(f) of the West Virginia Rules of Civil Procedure or otherwise raise the issue below. Respondent asserts that petitioners had adequate time for discovery, and they provide no basis for the requested relief herein.

In syllabus point three of *Crain v. Lightner*, 178 W.Va. 765, 364 S.E.2d 778 (1987), we ruled that

> [w]here a party is unable to resist a motion for summary judgment because of an inadequate opportunity to conduct discovery, that party should file an affidavit pursuant to W.Va.R.Civ.P. 56(f) and obtain a ruling thereon by the trial court. Such affidavit and ruling thereon, or other evidence that the question of a premature summary judgment motion was presented to and decided by the trial court, must be included in the appellate record to preserve the error for review by this Court.

Further, in syllabus point three of *Williams*, we held that

> [i]f the moving party makes a properly supported motion for summary judgment and can show by affirmative evidence that there is no genuine issue of a material fact, the burden of production shifts to the nonmoving party who must either (1) rehabilitate the evidence attacked by the moving party, (2) produce additional evidence showing the existence of a genuine issue for trial, or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f) of the West Virginia Rules of Civil Procedure.

Where a party fails to avail himself of the relief granted through Rule 56(f), "it is generally not an abuse of discretion for a circuit court to rule on a motion for summary judgment." *Id.* at 62, 459 S.E.2d at 339. As we have often explained, "[t]he law ministers to the vigilant, not those who slumber on their rights." *Powderidge Unit Owners Ass'n v. Highland Properties, Ltd.*, 196 W.Va. 692, 703, 474 S.E.2d 872, 883 (1996). Accordingly, as petitioners failed to submit an affidavit explaining the need for further discovery and failed to reference the need for additional discovery in its response to respondent's motion for summary judgment, we find that the circuit court did not err in granting summary judgment to respondent.[7]

---

> [w]hen affidavits are available. - Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

[7]Petitioners argue that the "invocation of Rule 56(f) does not demand hypertechincal compliance with its terms." *Powderidge*, 196 W.Va. at 702, 474 S.E.2d at 882. The *Powderidge* (continued . . .)

For the foregoing reasons, we affirm the circuit court's October 15, 2014, order granting summary judgment to respondent.

                                                                                    Affirmed.

**ISSUED:** January 8, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis

---

court ruled that "[a]n opponent of a summary judgment motion need not follow the exact letter of Rule 56(f) in order to obtain its benefits." *Id.* When a formal affidavit is not proffered under Rule 56(f), then "statement must be made in some authoritative manner by the party under penalty of perjury or by written representations of counsel subject to Rule 11 of the West Virginia Rules of Civil Procedure [must be made] and filed with the circuit court." *Id.* In this case, petitioners contend that they took proper steps by filing a motion to compel, subject to Rule 11, long before respondent filed its motion for summary judgment, and that the four requirements of *Powderidge* were satisfied in the body of petitioners' motion to compel. We are not persuaded by petitioners' arguments. Petitioners made no reference to the need for additional discovery in their response to respondent's motion to compel and first raises the issue of the prematurity of respondent's motion for summary judgment on appeal.