# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **K.D., C.E., and R.E.**

**No. 23-74** (Mineral County CC-29-2022-JA-5, CC-29-2022-JA-6, and CC-29-2022-JA-7)

## MEMORANDUM DECISION

Petitioner D.D.[1] appeals the Circuit Court of Mineral County's January 17, 2023, order denying his motion to reconsider the termination of his custodial rights to K.D., C.E., and R.E.,[2] arguing that he should have been granted a new dispositional hearing where he would have a meaningful opportunity to be heard. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In July 2022, the DHS filed an abuse and neglect petition alleging that petitioner and his live-in girlfriend were abusive and neglectful to the girlfriend's three children, K.D., C.E., and R.E.[3] Because petitioner only challenges the circuit court's denial of his motion for a new dispositional hearing, it is unnecessary to give a detailed account of the underlying facts giving

---

[1]Petitioner appears by counsel Ramon Rozas III. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lee Niezgoda. Counsel Meredith H. Haines appears as the children's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]The petition also named petitioner's daughter, A.A., as an abused and neglected child. Petitioner voluntarily relinquished his parental rights to A.A. in February 2023. Petitioner did not appeal the circuit court's order accepting that relinquishment and subsequent termination of his rights to A.A., nor does he raise any argument concerning A.A. in this appeal. Therefore, A.A. is not at issue in this appeal.

rise to the filing of the petition. Following two adjudicatory hearings, petitioner was adjudicated based upon the allegations in the petition, and the circuit court scheduled the matter for disposition.

On December 16, 2022, the circuit court held a dispositional hearing. Petitioner failed to appear for the hearing but was represented by counsel. Petitioner's counsel moved to continue the hearing on a proffer to the court that he had spoken with petitioner several days before the hearing to prepare and that petitioner's absence "may be weather related" based on the area where petitioner lived. The court denied this motion and proceeded with the hearing, taking testimony and receiving evidence. Petitioner's counsel cross-examined witnesses and was given the opportunity to call witnesses on petitioner's behalf but did not do so. Petitioner's counsel offered a copy of an e-mail discussing petitioner's willingness to participate in an improvement period, and the court entered the e-mail into evidence. Based upon the evidence presented at disposition, the court concluded that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination of petitioner's custodial rights was in the best interest of the children. Accordingly, the court entered an order on December 21, 2022, terminating petitioner's custodial rights to the children.[4]

Following the hearing but before the circuit court entered the dispositional order, petitioner filed a "Motion to Reconsider Termination" on December 19, 2022. The motion explained that when petitioner's counsel returned to his office after the hearing, he learned that he had received a voicemail from petitioner who stated that the road conditions were too icy to come to the courthouse for the dispositional hearing.[5] Petitioner requested that the court reconsider its decision terminating his custodial rights and that the court set a new dispositional hearing at which he can appear and present evidence. The court heard arguments on the motion at a status hearing held on January 13, 2023, and denied the motion by order entered on January 17, 2023. It is from this order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner challenges only the circuit court's denial of his "Motion to Reconsider Termination," including the request for a new dispositional hearing. At the outset, we note that there is no legal authority for a "motion for reconsideration" in abuse and neglect proceedings, and the West Virginia Rules of Civil Procedure regarding motions to alter, amend, or seek relief from judgment do not apply to abuse and neglect proceedings. *See* Syl. Pt. 2, *Powderidge Unit Owners Ass'n v. Highland Props, Ltd.*, 196 W. Va. 692, 474 S.E.2d 872 (1996) (holding that motions for reconsideration will be considered, depending on the time of filing, to be either Rule 59(e) or 60(b) motions); W. Va. R. Civ. P. 81(a)(7) (providing that Rules 59 and 60 regarding motions to alter, amend, or seek relief from judgment do not apply to abuse and neglect cases). Accordingly, petitioner's motion for reconsideration below was improper.

---

[4]The children were placed in the custody of their father.

[5]Photographs of the road conditions were attached to petitioner's motion.

Despite this fatal error, we nonetheless conclude that petitioner is not entitled to relief because he was afforded the required opportunity to be heard, as set forth in West Virginia Code § 49-4-601(h), "including the opportunity to testify and to present and cross-examine witnesses." Petitioner was represented by counsel during the hearing, who cross-examined witnesses and entered a document into evidence. Petitioner was given an opportunity to testify and could have done so had he attended the hearing. Thus, petitioner was given a meaningful opportunity to be heard at his dispositional hearing, and his argument is without merit. *See In re G.D.*, No. 11-1561, 2012 WL 3140061 (W. Va. May 29, 2012) (memorandum decision) (affirming the circuit court's decision to proceed with termination in petitioner's absence where petitioner was given notice, failed to appear, and was represented by counsel during the hearing).

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 17, 2023, order is hereby affirmed.

Affirmed.

**ISSUED**: March 6, 2024


**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

3