# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**The Health Plan of the Upper Ohio Valley, Inc.,**
**Defendant Below, Petitioner**

**vs)  No. 12-1338** (Marshall County 11-C-1)

**Thomas G. Wack, M.D.,**
**Plaintiff Below, Respondent**

**FILED**

August 30, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner The Health Plan of the Upper Ohio Valley, Inc., by counsel Robert J. Hannen, Daniel Tomassetti, and Ancil G. Ramey, appeals the Circuit Court of Marshall County's grant of partial summary judgment to respondent physician, ruling that petitioner is liable to respondent physician for payment of medical services pursuant to the West Virginia Ethics and Fairness in Insurer Business Practices Act ("Prompt Pay Act"), West Virginia Code § 33-45-1 *et seq.* Respondent Thomas G. Wack, M.D., by counsel Mark A. Colantonio and Daniel P. Taylor, filed a response. Petitioner filed a reply. Also, the Court acknowledges the filing of Amicus Curiae briefs by the West Virginia Chamber of Commerce, the West Virginia State Medical Association, and the West Virginia Academy of Family Physicians.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Respondent is a physician practicing in Marshall County. Respondent is a member of the Upper Ohio Valley Individual Practice Association, Inc. ("IPA"), an organization comprised of approximately 300 physicians.

Petitioner is a West Virginia non-profit corporation that sells commercial health insurance products to individuals and groups, such as employers, unions, associations, and other organizations. Petitioner has been licensed as an insurer by the West Virginia Insurance Commission since 1979.

In addition to providing its own health insurance products, petitioner administers self-funded plans through Administrative Services Only Agreements ("ASO Agreements"). Under the ASO Agreements, petitioner arranges for persons covered by a self-funded plan to receive health care services from a network of providers that petitioner maintains through contracts with physicians, hospitals, and other health care professionals.

1

The Ohio Valley Health Services and Education Corporation ("OVHSEC") is one entity that has established a self-funded health plan for its employees that has contracted with petitioner through an ASO Agreement. As a result, persons covered by the OVHSEC health plan, including employees of the Ohio Valley Medical Center in Wheeling, are ASO participants who are eligible to obtain health care services from the petitioner's provider network.

The IPA entered into a Managed Health Care Service Agreement with petitioner that, among other things, requires all IPA members (including respondent) to provide health care services to all ASO participants, including those covered by the OVHSEC health plan. The Managed Health Care Service Agreement is between the IPA and petitioner. However, by its unambiguous language, the agreement is binding upon the IPA members, which includes respondent.[1] Therefore, as respondent argues, respondent is obligated under the agreement with petitioner to provide health care services to persons covered by the OVHSEC health plan. In turn, respondent argues that petitioner is obligated under the agreement to pay respondent for those services,[2] and to make such payments in accordance with the West Virginia Prompt Pay Act.[3] Conversely, petitioner disputes any contractual relationship with respondent.

On December 30, 2010, respondent filed a two-count civil action against petitioner, alleging that he provided health care services to persons covered by the OVHSEC health plan and that petitioner failed to pay for those services in accordance with the Prompt Pay Act. In Count I, respondent sought declaratory judgment that petitioner was subject to the Prompt Pay Act with respect to persons covered by the OVHSEC health plan. In Count II, respondent sought to recover an allegedly unpaid amount of $3,800 for services rendered, plus interest, costs, and attorney's fees.

On April 4, 2011, respondent moved for partial summary judgment on his declaratory judgment claim. With his motion, respondent submitted his affidavit, written contracts, and the deposition testimony of petitioner's vice president of operations taken in a separate federal suit in

---

[1]Section II.(B.) of the agreement states that "[t]he parties acknowledge that all IPA Participating Physicians shall be bound by this Agreement . . . IPA represents and warrants to [petitioner] that it has full legal authority to contract with [petitioner] on behalf of IPA Participating Physicians . . . ."

[2]Section IV.(D.) of the agreement states: "Notwithstanding anything in this Agreement to the contrary, [petitioner] shall compensate IPA Participating Physicians for those services provided by Participating Physicians pursuant to ASO Agreements in accordance with the schedule set forth in the attachment."

[3]Section III.(A.) of the agreement states that "[p]ayments made to IPA Participating Physicians shall be made in accordance with appropriate federal and state laws and regulations regarding timeliness of payment, including but not limited to minimum fair business standard for processing and payment of health care claims required in West Virginia Code § 33-45-2(a)." The statute requires that an insurer either pay or deny a clean claim within 45 days of receipt of the claim if submitted manually, and within 30 days if submitted electronically.

which petitioner is a party.[4] Petitioner opposed the motion, arguing that it is not subject to the Prompt Pay Act because of an exception stated in West Virginia Code § 33-45-2(a)(1)(A) that provides that the time requirements for payment do not apply where "[a]nother payor or party is responsible for the claim." Petitioner argued that there is no contract between it and respondent and that the OVHSEC is responsible to fund the payments sought by respondent. Second, petitioner argued that summary judgment was premature given that no discovery had taken place in the case. Petitioner did not include with its opposition memorandum any affidavits challenging respondent's alleged facts.

At the May 6, 2011 hearing on respondent's motion for partial summary judgment, the court heard argument from counsel and directed the parties to submit their respective proposed findings of fact and conclusions of law. Despite having conducted little to no discovery since respondent filed his suit, petitioner filed a motion to continue discovery with an accompanying affidavit pursuant to Rule 56(f) of the West Virginia Rules of Civil Procedure. Petitioner filed this motion on or about May 27, 2011, along with its proposed findings on respondent's partial summary judgment motion.

By order entered on December 8, 2011, the court granted respondent's motion for partial summary judgment. The court concluded that the Managed Health Care Service Agreement between petitioner and respondent's IPA constitutes a "provider contract" with respondent that is governed by the Prompt Pay Act. The court rejected petitioner's argument that the OVHSEC is responsible to fund the payments sought by respondent on the grounds that there is no contract between the IPA and the OVHSEC. Rather, the court concluded that the contract is between the IPA and petitioner, and, by its express terms, with respondent. Having found that petitioner is subject to the Prompt Pay Act with respect to respondent's claims, the court then concluded that petitioner failed to comply with the Act with respect to those claims. The court granted partial summary judgment on the issue of petitioner's liability to respondent for payment of medical services rendered to persons covered by the OVHSEC health plan which had not been paid within the time frames specified under the Prompt Pay Act. As to petitioner's claim that summary judgment was premature, the court stated that petitioner submitted no evidence to contradict the facts alleged by respondent. From this order, petitioner appeals to this Court.[5]

Petitioner raises two assignments of error. First, petitioner argues that summary judgment was premature given that it had moved to take discovery and submitted the required Rule 56(f)

---

[4]Petitioner is a party in *Wheeling Hospital, Inc. v. Ohio Valley Health Services and Education Corporation,* Civ. No. 5:10-CV-67, in the United States District Court for the Northern District of West Virginia.

[5]Petitioner previously appealed the December 8, 2011, order to this Court, but moved to dismiss the appeal without prejudice because the circuit court's order had not been certified as final pursuant to Rule 54(b) of the West Virginia Rules of Civil Procedure. This Court granted petitioner's motion to dismiss its previous appeal, which was docketed as Supreme Court No. 12-0095. By order entered on October 5, 2012, the circuit court directed final judgment be entered with respect to its December 8, 2011, order, and this appeal followed.

affidavit. This Court reviews a circuit court's decision to grant summary judgment de novo, and reviews a decision to deny a motion to take discovery under an abuse of discretion standard. *Powderidge v. Highland Prop., Ltd.,* 196 W.Va. 692, 474 S.E.2d 872 (1996); *Elliot v. Schoolcraft,* 213 W.Va. 69, 576 S.E.2d 796 (2002). A party moving for discovery pursuant to Rule 56(f) must satisfy the following:

> At a minimum, the party making the motion for a continuance must satisfy four requirements. It should (1) articulate some plausible basis for the party's belief that specified "discoverable" material facts likely exist which have not yet become accessible to the party; (2) demonstrate some realistic prospect that the material facts can be obtained within a reasonable additional time period; (3) demonstrate that the material facts will, if obtained, suffice to engender an issue both genuine and material; and (4) demonstrate good cause for failure to have conducted the discovery earlier.

*Powderidge* at 702, 474 S.E.2d. at 882. Petitioner contends that discovery is necessary regarding the alleged contractual relationship between respondent and petitioner. Petitioner also intended to direct discovery to the OVHSEC health plan relating to the ASO Agreement with petitioner. According to petitioner, this agreement creates an issue of fact as to whether the OVHSEC health plan is responsible for paying respondent's claims.

We do not believe the circuit court abused its discretion in denying petitioner's motion to continue discovery. First, submission of a Rule 56(f) affidavit does not mandate the circuit court to find an issue of fact exists. Second, as to the areas cited by petitioner in its Rule 56(f) affidavit, petitioner is a party to both contracts. As such, petitioner could have obtained the contracts from its own records. Additionally, petitioner submitted no affidavit from its officers to contradict the express wording of the contracts.

The question presented by this appeal is whether the Managed Health Care Service Agreement between petitioner and the IPA contractually obligates petitioner to compensate respondent for claims for the services he provided to OVHSEC employees pursuant to the agreement. Petitioner's request for discovery, as identified in its affidavit, does not create an issue of fact in this case or have any bearing on the outcome of the case. The agreement between petitioner and the IPA is plain and unambiguous–petitioner is obligated to compensate IPA Participating Physicians, such as respondent. The ASO Agreement between petitioner and the OVHSEC health plan has no significance because respondent is not a party to that agreement.

Furthermore, petitioner never noticed its motion for continued discovery for hearing, never briefed the issue, and did not file the motion until after briefing and argument on respondent's summary judgment motion. Petitioner took a "wait and see" approach with regard to discovery and cannot now claim the court abused its discretion by not allowing it after the fact.

Second, petitioner argues that the court erred in concluding that petitioner is subject to the Prompt Pay Act with respect to respondent's medical claims. Petitioner claims that it does not act as an "insurer" with respect to the OVHSEC health plan, that there is no contract between

it and respondent, and it is exempt from the Prompt Pay Act because of the "another payor" exemption.

As to petitioner's first argument, we find that under the facts and circumstances of this case, petitioner is an "insurer" under the Prompt Pay Act:

> "Insurer" means any person required to be licensed under this chapter which offers or administers as a third party administrator health insurance; operates a health plan subject to this chapter; or provides or arranges for the provision of health care services through networks or provider panels which are subject to regulation as the business of insurance under this chapter. "Insurer" also includes intermediaries.

W.Va. Code § 33-45-1(7). There are three ways for an entity to be an "insurer" under this definition, and, in this case, petitioner meets all three. The record demonstrates that petitioner creates and maintains a network of providers to provide services to those persons covered by the OVHSEC health plan; petitioner requires IPA Participating Physicians to provide services and agrees to compensate them through ASO Agreements; petitioner prepares OVHSEC health plan enrollment and claim forms; petitioner provides Explanation of Benefits to persons covered by the OVHSEC health plan; petitioner adjusts claims under the OVHSEC health plan, including coverage determinations and coordination of benefits; petitioner determines whether particular services may be performed or should be paid under the OVHSEC health plan; and petitioner performs day-to-day functions and operations of the OVHSEC health plan.

As to petitioner's argument that it is not subject to the Prompt Pay Act, we find that as an IPA Participating Physician, respondent is in privity of contract with petitioner by virtue of the unambiguous language in the Managed Health Care Service Agreement between petitioner and respondent's IPA. Accordingly, there is no basis for petitioner's contention that there is no contract between petitioner and respondent.

Moreover, under the facts of this case, petitioner cannot avail itself of the "another payor" exception in West Virginia Code § 33-45-2(a)(1), which states:

> An insurer shall either pay or deny a clean claim within forty days of receipt of the claim if submitted manually and within thirty days of receipt of the claim if submitted electronically, except in the following circumstances: (A) Another payor or party is responsible for the claim;

For there to be another payor, there must be a provider contract between the "other payor" and the respondent. Here, there is no contract between respondent and the OVHSEC health plan. Therefore, we find no error in the circuit court's conclusion that petitioner is subject to the Prompt Pay Act with respect to respondent's claim for payment of medical services.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** August 30, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II


**DISSENTING:**

Justice Robin J. Davis