## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Megan White,**
**Plaintiff Below, Petitioner**

**FILED**

March 31, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 13-0254** (Kanawha County 11-C-1383)

**Good Shepherd Child Development Center,**
**Defendant Below, Respondent**


## MEMORANDUM DECISION

Petitioner Megan White, by counsel Clinton W. Smith, appeals the February 11, 2013, order from the Circuit Court of Kanawha County granting summary judgment to respondent. Respondent Good Shepherd Child Development Center, by counsel John R. McGhee Jr., filed a response in support of the circuit court's order. Petitioner submitted a reply. Petitioner argues that she should have been granted a continuance due to issues in her counsel's office that led to her counsel failing to conduct any discovery.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2009, petitioner dropped off her child, then three years old, at respondent's child care facility and child care workers stated that they discovered the child's collar bone was broken. After an investigation, Charleston Police filed a criminal complaint against petitioner alleging child abuse resulting in injury. The child's father filed for a domestic violence protective order ("DVPO") against petitioner to seek temporary custody of the child, which was granted. In September of 2009, the Kanawha County Prosecutor moved to dismiss the criminal charges. In November of 2009, the DVPO was terminated by the Family Court of Kanawha County.

In August of 2011, petitioner filed the underlying action, alleging that respondent's employees gave false statements to authorities, causing petitioner to be arrested and temporarily lose custody of her child, and arguing she suffered emotional and physical damages, mental anguish, emotional distress, humiliation, and embarrassment. Respondent filed a motion to dismiss, arguing it was statutorily immune from petitioner's claims under West Virginia Code § 49-6A-6 and that it was absolutely immune from the claims under common law witness immunity. However, the circuit court denied the motion, holding that whether the statements by respondent's employees were made in good faith was more appropriately addressed on summary judgment. The circuit court issued a scheduling order in March of 2012, with specific deadlines

1

for discovery, motions, and a trial date in February of 2013. In July of 2012, petitioner responded to respondent's discovery requests after the circuit court ordered her to do so,[1] but did not provide medical records or documents supporting her damages claims. Petitioner did not submit any expert witnesses or facts by the deadlines in May and July of 2012.

In December of 2012, respondent filed a motion for summary judgment, to which petitioner never responded. In January of 2012, petitioner filed a motion to continue the trial date because, "due to circumstances in the office of counsel, counsel has not been able to properly prepare for the trial of this matter." At the pre-trial conference,[2] the circuit court stated that it "never continue[s] cases," but proceeded to question petitioner about the basis for needing a continuance. Petitioner's counsel stated that he had an employee quit and was unable to conduct discovery, including depositions. Petitioner's counsel then argued that written discovery needed to be done, including incident reports, and that he had "a doctor who will testify, I believe, . . . that's a deposition that needs to be done – that injury could not have happened the way that they allege it happened . . . ." Petitioner's counsel stated that the employee had quit in August of 2011, well in advance of the scheduling order and over a year before the discovery cutoff, and that he was not prepared to defend against the motion for summary judgment. The circuit court denied petitioner's motion to continue and granted respondent's motion for summary judgment by order entered February 11, 2013, holding that respondent is immune from liability due to its good faith participation in an investigation into child abuse or neglect and finding that respondent's employees participated in good faith with law enforcement's investigation. It is from this order that petitioner appeals.

"'A circuit court's entry of summary judgment is reviewed *de novo*.' Syllabus point 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994)." Syl. Pt. 1, *Mack-Evans v. Hilltop Healthcare Center, Inc.*, 226 W.Va. 257, 700 S.E.2d 317 (2010).

> If the moving party makes a properly supported motion for summary judgment and can show by affirmative evidence that there is no genuine issue of a material fact, the burden of production shifts to the nonmoving party who must either (1) rehabilitate the evidence attacked by the moving party, (2) produce additional evidence showing the existence of a genuine issue for trial, or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f) of the West Virginia Rules of Civil Procedure.

Syl. Pt. 3, *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 459 S.E.2d 329 (1995).

Petitioner asserts a single assignment of error: the circuit court erred in denying her motion to continue and considering respondent's motion for summary judgment. First, petitioner contends that denying her motion to continue amounted to a sanction for the misconduct of her counsel and that the circuit court failed to consider the factors articulated in Syllabus Point 2, *Bartles v. Hinkle*, 196 W.Va. 381, 472 S.E.2d 827 (1996):

---

[1] The circuit court ordered petitioner to respond to respondent's discovery requests in February of 2012 after respondent filed a motion for sanctions in May of 2012.
[2] The pre-trial conference was held at its originally-scheduled time.

2

To determine what will constitute an appropriate sanction, the court may consider the seriousness of the conduct, the impact the conduct had in the case and in the administration of justice, any mitigating circumstances, and whether the conduct was an isolated occurrence or was a pattern of wrongdoing throughout the case.

Petitioner argues that the circuit court erred by failing to consider these factors. As evidence of this failure, petitioner points to the announcement by the circuit court that it "never continue[s] cases."

Respondent argues that petitioner failed to meet the requirements of Rule 56(f) of the West Virginia Rules of Civil Procedure and, in petitioner's reply, she argues that she satisfies the four criteria for permitting a Rule 56(f) motion laid out in Syllabus Point 1 of *Powderidge Unit Owners Association v. Highland Properties, Ltd.* 196 W.Va. 692, 474 S.E.2d 872 (1996):

At a minimum, the party making an informal Rule 56(f) motion must satisfy four requirements. It should (1) articulate some plausible basis for the party's belief that specified "discoverable" material facts likely exist which have not yet become accessible to the party; (2) demonstrate some realistic prospect that the material facts can be obtained within a reasonable additional time period; (3) demonstrate that the material facts will, if obtained, suffice to engender an issue both genuine and material; and (4) demonstrate good cause for failure to have conducted the discovery earlier.

We find that nothing in the record below suggests that denying petitioner's motion to continue was a sanction, but that the circuit court considered the utility of further delays to the case. We find that petitioner failed to meet the fourth requirement set forth in *Powderidge*: she did not demonstrate good cause for failure to have conducted the discovery earlier. The record shows that petitioner was clearly given deadlines for discovery and that her counsel either did nothing or was late for all of the deadlines for the case. Her counsel never requested extensions to the deadlines that had lapsed, including the cutoff for discovery, which had lapsed more than a month before petitioner filed her motion to continue. Additionally, the only justification petitioner's counsel could offer was that an employee had stopped working for him prior to filing this action.

Based on the record before this Court, we find that the circuit court did not err in refusing to continue the case. Thus, because petitioner has not argued any specific error in granting respondent's motion for summary judgment, we affirm the circuit court's order granting the motion.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  March 31, 2014


**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4