## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Robert M. Marks, Jr.,**
**Plaintiff Below, Petitioner**

**FILED**

February 6, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 14-0569** (Upshur County 12-C-62)

**Woody Forest Products, LLC,**
**Defendant Below, Respondent**

### MEMORANDUM DECISION

Petitioner Robert M. Marks, Jr., by counsel Lorena Ellen Litten and Erika Klie Kolenich, appeals the "Final Order" entered by the Circuit Court of Upshur County on May 2, 2014, following an adverse jury verdict in the trial of his constructive retaliatory discharge suit. Respondent Woody Forest Products, LLC, by counsel Michael C. Doss, filed a response. Petitioner filed a reply. On appeal, petitioner challenges the circuit court's verbal, morning-of-trial denial of his motion for partial summary judgment on the issue of liability.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

### Facts

Petitioner was employed by respondent for approximately twenty years and was eventually promoted to the position of plant manager. Petitioner's supervisor was John Combs, general manager. Pamela Coughlin was employed by respondent as a secretary/office manager. Petitioner was her immediate supervisor.

Around October 2009, petitioner and Ms. Coughlin began a consensual, sexual relationship that lasted approximately one year.[1] Petitioner terminated the relationship around October 2010 and informed his wife of the affair. When Ms. Coughlin learned that petitioner had told his wife of the affair, she became angry and left voicemails for petitioner threatening both him and his wife.[2] Additionally, petitioner alleged that Ms. Coughlin attempted to physically

---

[1] Respondent states that the relationship began in October 2008 and lasted approximately two years. The difference is inconsequential; both parties indicate that the affair was terminated in October 2010.

assault him at work by throwing a telephone at him. On October 14, 2010, petitioner obtained a domestic violence protective order against Ms. Coughlin in the Magistrate Court of Upshur County.

Neither respondent nor Mr. Combs were aware of the relationship between petitioner and Ms. Coughlin until petitioner advised him of it around the time petitioner filed for the protective order. Respondent states that petitioner asked Mr. Combs for his thoughts about the protective order and Mr. Combs stated "that if it were him, he would dismiss it."[3] Petitioner subsequently dropped the protective order. However, neither respondent nor Mr. Combs ever directed petitioner to dismiss the protective order to save petitioner's job.

Respondent conducted two meetings on October 20, 2010, to determine the details of the relationship. At the first meeting, Ms. Coughlin indicated that the affair was consensual and not tied to her job.[4] The second meeting was attended by respondent's attorney, Mr. Combs, petitioner, and petitioner's attorney. According to respondent, it was agreed that petitioner would take two weeks of paid time off "to try and get his situation under control." Petitioner states that prior to leaving for the two weeks, he was asked to turn in his company credit card and work keys. He also states that respondent hired his replacement while he was on vacation.

Petitioner resigned his job by letter dated October 29, 2010. Petitioner stated in the letter that if he was to return to work, he would have had to work alongside Ms. Coughlin, which he could not do.[5] In his resignation letter, petitioner stated that he felt he had no other choice but to resign.

In May 2012, petitioner filed the instant suit against respondent, alleging (1) "tort of outrage," (2) "violations of employee handbook/manual," and (3) "retaliatory/wrongful discharge." Respondent filed an answer denying the allegations. Petitioner filed a motion for partial summary judgment on the issue of liability for constructive discharge in March 2013, arguing that, by filing for a protective order and/or by insisting that he not have to work with someone who has been violent towards him, petitioner engaged in conduct protected by

---

[2] Petitioner states that Ms. Coughlin said, "You're going to pay. I'm going to kick your ass. I'm going to kick her ass."

[3] Mr. Combs testified in deposition that he offered this advice as a friend, not as petitioner's boss. Respondent also states that, upon request of petitioner, Mr. Combs gave petitioner $2,200.00 for a divorce attorney. Respondent states that Mr. Combs stopped payment on the check after he came to believe that petitioner was using the money to pay for an attorney to sue respondent. Petitioner states that the reason Mr. Combs gave him this money was unclear, but agrees that Mr. Combs stopped payment on the check after petitioner brought his attorney to a meeting at work regarding the affair.

[4] It is not clear, but it appears that petitioner did not attend this first meeting.

[5] Petitioner told Ms. Coughlin that he could not return to work because he was trying to save his marriage.

2

substantial public policy; that Mr. Combs told petitioner to drop the protective order; and that if petitioner wanted to continue working for respondent, he would have to work with Ms. Coughlin, who assaulted him at work and threatened violence to him and his wife. Respondent did not file a written response to petitioner's motion for partial summary judgment. The circuit court took petitioner's motion under advisement.

The case proceeded to a jury trial on May 29, 2013. On the morning of trial, petitioner voluntarily withdrew the first two counts of his complaint, leaving only the constructive discharge claim to be tried. Prior to the beginning of the trial, the circuit court denied petitioner's motion for partial summary judgment.[6] Petitioner then presented his case-in-chief, after which respondent moved for a directed verdict. The circuit court denied respondent's motion for a directed verdict and respondent rested, having called no witnesses. The jury returned a verdict for respondent. The circuit court memorialized the jury's verdict by a "Final Order" entered on May 2, 2014, and petitioner now appeals to this Court.

**Discussion**

On appeal, petitioner argues that the circuit court erred in denying his motion for partial summary judgment on the issue of liability for constructive retaliatory discharge.[7] Under Rule 56(c) of the West Virginia Rules of Civil Procedure, summary judgment must be granted where "no genuine issue of material fact exists and the movant demonstrates entitlement to judgment as a matter of law." Syl. Pt. 2, in part, *Gentry v. Magnum,* 195 W.Va. 512, 466 S.E.2d 171 (1995). Once the movant demonstrates that there is no genuine issue of material fact, "the nonmovant must contradict the showing by pointing to specific facts demonstrating that there is, indeed, a trialworthy issue." *Id.*

To prove a claim of constructive retaliatory discharge, the employee

must prove sufficient facts to establish the retaliatory discharge. In addition, the employee must prove that the intolerable conditions that caused the employee to quit were created by the employer and were related to those facts that gave rise to the retaliatory discharge.

*Love v. Georgia Pacific Corp.,* 209 W.Va. 515, 520, 550 S.E.2d 51, 56 (2001). Petitioner states that he feared for his safety and for that of his wife. He contends that it was his right to file for a

---

[6] There is no order reflecting its ruling. The only portion of the trial transcript included in the appendix record is three pages from the beginning of trial containing circuit court's denial of petitioner's motion. In these three pages, there is no indication that petitioner objected to the adverse partial summary judgment ruling.

[7] Inasmuch as petitioner challenges the circuit court's denial of summary judgment, we will apply a de novo standard of review. *See* Syl. Pt. 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994).

3

protective order to protect himself from harm, and citing West Virginia Code § 48-27-101,[8] argues that the right to file for a protective order is a substantial public policy in this State. Petitioner argues that Mr. Combs, his supervisor, told him that he should drop the protective order and that the only way he could keep his job was to continue working with Ms. Coughlin, who admitted leaving threatening voice mails and throwing a phone at him. Petitioner concludes that any reasonable person would feel that he had no choice but to resign, and that because a replacement had been hired, he reasonably believed that he no longer had a job to which he could return at the end of his two weeks off.

Petitioner argues that he made the requisite showing that no genuine issue of material fact existed on the issue of liability for retaliatory constructive discharge; that by failing to file a written response to petitioner's motion, respondent failed to contradict this showing; and, therefore, summary judgment should have been entered in petitioner's favor. However, petitioner presumes that he made the requisite showing that no genuine issue of material fact existed. He did not. Respondent argued against petitioner's motion for partial summary judgment at a May 6, 2013, hearing thereon. As to respondent's failure to file a written response to petitioner's motion, pursuant to syllabus point 2 of *Gentry v. Magnum*, no response is required if petitioner failed to show that no genuine issue of material fact existed.

As respondent correctly points out in its brief to this Court, even though the material fact of petitioner quitting his job is not disputed, there were differing conclusions or inferences as to why petitioner quit his job. Additionally, there were differing conclusions or inferences as to why petitioner withdrew his protective order. Respondent argued at trial that petitioner caused his predicament and quit his job as a result. If there is a question of fact upon which the jury could rule in favor of the non-movant in a motion for summary judgment, then denial of summary judgment is proper. *See Powderridge Unit Ass'n v. Highland Properties, Ltd.,* 196 W.Va. 692, 474 S.E.2d 872 (1996). In the present case, there obviously were issues of fact upon which the jury could find for respondent, as evidenced by the jury's verdict. Accordingly, we cannot find error in the circuit court's denial of petitioner's motion for partial summary judgment.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 6, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[8] West Virginia Code § 48-27-101(a) provides, in part, that "[e]very person has a right to be safe and secure in his or her home and family and to be free from domestic violence."