# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Meagen Brinegar,**
**Plaintiff Below, Petitioner**

**vs.)  No. 19-0691** (Kanawha County 16-C-1765)

**C.O. Lumpbert, individually and in his official capacity;**
**Deborah Minnix, individually and in her official capacity as**
**Administrator of Tygart Valley Regional Jail;**
**Matthew Smith, individually and in his official capacity as**
**Chief Correctional Officer of Tygart Valley Regional Jail,**
**Defendants Below, Respondents**

**FILED**

**July 30, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Maegen Brinegar, by counsel Kerry A. Nessel, appeals the order of the Circuit Court of Kanawha County, entered on July 2, 2019, that denied petitioner's Rule 59(e) motion to alter or amend the circuit court's order granting summary judgment to Respondent West Virginia Regional Jail and Correctional Facilities Authority, entered on October 25, 2018, and the order entered on July 2, 2019, granting summary judgment to Respondent Jared Lompert.[1] Mr. Lompert appears by counsel Carrie A. Dysart and Michelle R. Storage. Respondent West Virginia Regional Jail and Correctional Facility Authority ("WVRJCFA") appears by counsel William E. Murray and Mark J. McGhee.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Brinegar filed a complaint initiating this action in the Circuit Court of Kanawha County in 2016, asserting that she was the victim of excessive force while incarcerated at Tygart Valley Regional Jail in 2014. She gave deposition testimony in the course of litigation that established the following facts.

---

[1]Respondent Lompert appears to have been misnamed in the pleadings filed with the Circuit Court of Kanawha County.

1

As a segregated resident of the jail, Ms. Brinegar was permitted thirty minutes per day of time outside of her cell to make telephone calls and perform basic hygiene. Ms. Brinegar testified that when she was let out of her cell for these purposes at the time relevant to this appeal, she "went downstairs" to talk with other inmates. Mr. Lompert, a correctional officer at the facility, entered the area and told Ms. Brinegar and her companion that if the two did not "take hygiene" he would return the women to lockdown. Mr. Lompert left the area and returned to find the two women picking up telephone receivers, without having performed the hygiene routine. Mr. Lompert ordered the inmates to return to lockdown, and Ms. Brinegar questioned the order. Mr. Lompert took her arm and she "could have reflexed a little bit." Ms. Brinegar is not certain how many times Mr. Lompert repeated the lockdown order before taking her by the arm, and she testified that she would not be surprised if she used inappropriate language during the incident. Mr. Lompert "flipped" her to the ground and either he or the tower guard called for backup. For her part in this event, Ms. Brinegar pled guilty to the institutional offenses of unauthorized communication, refusing an order, and creating a disturbance. She testified that she experienced no prior threats from or altercations with Mr. Lompert.

At the conclusion of discovery, WVRJCFA and Mr. Lompert filed motions for summary judgment. The circuit court granted WVRJCFA's motion first, in part on the application of qualified immunity. Ms. Brinegar filed a motion to alter or amend that ruling pursuant to Rule 59(e) of the West Virginia Rules of Civil Procedure, arguing that the order entered by the circuit court was drafted by WVRJCFA's counsel and adopted inaccurate facts. The circuit court denied that motion. On the same day, the circuit court granted Mr. Lompert's motion for summary judgment.

On appeal, Ms. Brinegar asserts four assignments of error. She argues that the circuit court erred in: 1) granting WVRJCFA's motion for summary judgment, and later in denying her motion to alter or amend judgment, upon the application of qualified immunity; 2) granting Mr. Lompert's motion for summary judgment upon the application of qualified immunity; 3) adopting respondents' proposed summary judgment orders without allowing Ms. Brinegar an opportunity to review those orders; and 4) granting Mr. Lompert's motion for summary judgment without affording Ms. Brinegar the opportunity to depose him. We review the circuit court's entry of summary judgment de novo. Syl. Pt. 2, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). Where our review implicates the circuit court's denial of Ms. Brinegar's motion to alter or amend judgment, we apply the same standard. Syl. Pt. 1, *Wickland v. Am. Travellers Life Ins. Co*., 204 W. Va. 430, 513 S.E.2d 657 (1998).

First, we find no merit in either the first or second assignment of error concerning the application of qualified immunity. This Court has held:

> 10.  To determine whether the State, its agencies, officials, and/or employees are entitled to immunity, a reviewing court must first identify the nature of the governmental acts or omissions which give rise to the suit for purposes of determining whether such acts or omissions constitute legislative, judicial, executive or administrative policy-making acts or involve otherwise discretionary governmental functions. To the extent that the cause of action arises from judicial,

2

legislative, executive or administrative policy-making acts or omissions, both the State and the official involved are absolutely immune pursuant to Syl. Pt. 7 of *Parkulo v. W. Va. Bd. of Probation and Parole*, 199 W. Va. 161, 483 S.E.2d 507 (1996).

11. To the extent that governmental acts or omissions which give rise to a cause of action fall within the category of discretionary functions, a reviewing court must determine whether the plaintiff has demonstrated that such acts or omissions are in violation of clearly established statutory or constitutional rights or laws of which a reasonable person would have known or are otherwise fraudulent, malicious, or oppressive in accordance with *State v. Chase Securities, Inc.*, 188 W. Va. 356, 424 S.E.2d 591 (1992). In absence of such a showing, both the State and its officials or employees charged with such acts or omissions are immune from liability.

Syl. Pts. 10 and 11, *W. Va. Reg.'l Jail & Corr. Facility Auth. v. A.B.*, 234 W. Va. 492, 766 S.E.2d 751 (2014).

It is undisputed that Ms. Brinegar's claims are based on respondents' discretionary acts. Ms. Brinegar argues that the now-repealed West Virginia Code § 31-20-9 that required the WVRJCFA to set standards for, inter alia, staffing and training, inmate safety, and medical services, as well as the agency's policy statement and rules, generally, are "clearly established statutory laws" that Mr. Lompert violated. We find, however, that Ms. Brinegar has cast her net in an excessively broad fashion. Ms. Brinegar "must make a 'particularized showing' that a 'reasonable official would understand that what he is doing violated that right' or that 'in the light of preexisting law the unlawfulness' of the action was 'apparent.' *Anderson v. Creighton*, 483 U.S. 635 . . . (1987)." *Hutchison v. City of Huntington*, 198 W. Va. 139, 149 n.11, 479 S.E.2d 649, 659 n.11 (1996). We agree with the circuit court that Ms. Brinegar neither presented evidence of a violation of a clearly established right or law, nor presented evidence that Mr. Lompert's actions—as described by her—were undertaken with malicious intent. Therefore, we find no error in the circuit court's application of qualified immunity.

In her third assignment of error, Ms. Brinegar argues that the circuit court erred in adopting proposed orders prepared by respondents' counsel. In *State ex rel. Cooper v. Caperton*, 196 W. Va. 208, 214, 470 S.E.2d 162, 168 (1996), we explained that "[a]s an appellate court, we concern ourselves not with who prepared the findings for the circuit court, but with whether the findings adopted by the circuit court accurately reflect the existing law and the trial record." Inasmuch as Ms. Brinegar complains chiefly about the procedure under which the circuit court adopted these orders, without supporting her argument with evidence of deficiency in the orders themselves, we perceive no error.

Finally, Ms. Brinegar argues that the circuit court erred in granting respondents' motions for summary judgment without first affording her the opportunity to depose Mr. Lompert, who requested (and was granted) a stay of discovery after the circuit court granted WVRJCFA's motion for summary judgment. The circuit court lifted the stay at Ms. Brinegar's request on March 26, 2019, more than three months before the circuit court granted Mr. Lompert's motion for summary judgment. Ms. Brinegar offers no evidence that she noticed Mr. Lompert's deposition in that time

period. Moreover, there is no evidence that she informed the circuit court (which based its findings of fact on her testimony) that she required additional time to depose her party-opponent to develop evidence to support her claims. We have explained the mechanism that would have allowed her to do so:

> An opponent of a summary judgment motion requesting a continuance for further discovery need not follow the exact letter of Rule 56(f) of the West Virginia Rules of Civil Procedure in order to obtain it. When a departure from the rule occurs, it should be made in written form and in a timely manner. The statement must be made, if not by affidavit, in some authoritative manner by the party under penalty of perjury or by written representations of counsel. At a minimum, the party making an informal Rule 56(f) motion must satisfy four requirements. It should (1) articulate some plausible basis for the party's belief that specified "discoverable" material facts likely exist which have not yet become accessible to the party; (2) demonstrate some realistic prospect that the material facts can be obtained within a reasonable additional time period; (3) demonstrate that the material facts will, if obtained, suffice to engender an issue both genuine and material; and (4) demonstrate good cause for failure to have conducted the discovery earlier.

Syl. Pt. 1, *Powderidge Unit Owners Ass'n v. Highland Properties, Ltd.*, 196 W. Va. 692, 474 S.E.2d 872 (1996). Having failed to show that she required or availed herself of relief below, we find that Ms. Brinegar is entitled to no relief on appeal.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** July 30, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**NOT PARTICIPATING:**

Justice Margaret L. Workman

4