STATE OF WEST VIRGINIA

**Donald Moore,**
**Defendant Below, Petitioner**

**vs.)  No. 19-0680** (Monongalia County 18-C-132)

**Chip Franklin Buzzo and**
**Vanda Dawn Buzzo,**
**Plaintiffs Below, Respondents**

**FILED**

**September 4, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Donald Moore, by counsel Stephanie Nethken, appeals the Circuit Court of Monongalia County's June 25, 2019, final order denying his "motion to reconsider" the court's grant of summary judgment in respondents' favor. Respondents Chip Franklin Buzzo and Vanda Dawn Buzzo, by counsel Edmund J. Rollo, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On November 17, 2017, respondents leased from petitioner certain real property for a term of ninety-nine years. The lease payment for the entire term was $50,000, which respondents paid in full at the time the lease was executed. Following execution of that lease agreement, petitioner agreed to sell the property to respondents. Respondents claimed that petitioner agreed to sell the property for an additional $1,500, and they remitted that amount to him. Petitioner negotiated the check, but he did not convey the property to respondents.

Respondents filed suit seeking specific performance and other damages. Petitioner, who was incarcerated when respondents filed suit, was appointed a guardian ad litem ("GAL"). While

1

the GAL was involved in the case, petitioner's answer to respondents' complaint was not timely filed. After petitioner was released from incarceration, he retained his current counsel.[1]

In October of 2018, respondents filed discovery requests, including requests for admission. Petitioner did not file responses to these requests; accordingly, respondents moved to compel responses to these requests on December 7, 2018, and the circuit court heard argument on this motion on March 14, 2019. The court granted respondents' motion to compel and directed that petitioner file responses by April 3, 2019.

On April 2, 2019, respondents filed a motion for summary judgment. Respondents asserted that petitioner agreed to sell the property for $1,500, and that the agreement was memorialized by text messages between the parties, copies of which were appended to their motion.[2] Respondents also asserted that they paid $1,500 to petitioner by check, which petitioner received and negotiated. Thus, respondents argued that they fully performed their obligations under the parties' agreement, yet petitioner refused to convey title to the property to respondents. Therefore, respondents claimed that they were entitled to specific performance of the parties' agreement.

Respondents also argued that they were entitled to summary judgment due to petitioner's failure to respond to discovery requests, including requests for admission. Petitioner's failure to respond to those requests, respondents argued, deemed admitted certain crucial facts: 1. That petitioner agreed to sell the property for $1,500; 2. That petitioner received $1,500 from respondents; and 3. That petitioner was obligated to immediately convey his interest in the real property to respondents.

---

[1] The date that petitioner was released from incarceration is unclear. Respondents suggest, however, upon their "information and belief," that petitioner was released from incarceration in October or November of 2018. The record is also not clear as to the exact date that petitioner's current counsel began representing petitioner, but it appears that petitioner was represented by current counsel at least by mid-March of 2019.

[2] These text messages were between Respondent Vanda Dawn Buzzo and petitioner. In one exchange, Ms. Buzzo said, "Let's get that deed now! Lol." Petitioner responded, "Need 1500 to do that I told u I got to pay a lawyer." Ms. Buzzo replied, "Is that on top of the 50?? Idk what you and [Respondent] [C]hip [Buzzo] agreed on." Petitioner continued, "Well [I]'m not paying to get you your deed LOL I'm poor remember." Ms. Buzzo acquiesced, saying "Ok.[] I'll give it to you for the deed!!! Make sure I get one!! :)" Petitioner confirmed, "You're definitely getting the deed will just have to pay the attorneys to take care of it and I don't have the money."

In another exchange, Respondent Vanda Buzzo asked petitioner, "[H]as the attorney started on the deed yet?" Petitioner claimed that he had "paid the lawyer but I have not heard anything back from him."

The parties appeared for a pretrial hearing on April 8, 2019, at which the circuit court also heard argument on respondents' motion for summary judgment.[3] Respondents argued the points raised in their written motion for summary judgment, and petitioner responded that the $1,500 amount identified by respondents did not represent the purchase price for the property; rather, respondents were to pay $150,000 to purchase the property. Accordingly, petitioner "object[ed] to" the motion for summary judgment and requested "additional time in order to work this out." The circuit court granted respondents' motion for summary judgment on the record. After issuing its ruling, petitioner stated for the first time that he "did not even have time to respond [to respondents' motion for summary judgment] as I was given this on the afternoon of April 2nd."[4] The court was unpersuaded, and it entered its order granting summary judgment in favor of respondents on May 6, 2019.[5]

On May 23, 2019—seventeen days after the court entered its summary judgment order— petitioner filed a "Motion to Reconsider Summary Judgment." Petitioner argued that respondents' motion for summary judgment was untimely filed and that he had had insufficient time to respond to it. Petitioner also asserted that "[i]t appeared that [petitioner's counsel] was not given the full file by the [GAL] and was missing significant information," including the date of the pretrial hearing, and that petitioner "feels he had ineffective assistance of counsel and [respondents] took advantage of the fact that he was incarcerated."

The parties appeared for a hearing on this motion on June 24, 2019. Petitioner's counsel argued that after receiving the case from petitioner's GAL, she did not receive a scheduling order or notice of the pretrial conference hearing. "So basically we're just asking for the [c]ourt to reconsider and let us present our case since he was unable to do that under previous counsel, and now that I have taken over, . . . we're able to do that." Petitioner's counsel further represented that the property was "tied up in . . . bankruptcy because [petitioner] did file bankruptcy on that property." After that statement, the court asked for confirmation, "Is he in bankruptcy now?"

---

[3] Respondents represented that approximately three days prior to the hearing, they received petitioner's discovery responses. In those responses, petitioner claimed that the $1,500 identified by respondents as the purchase price for the property "was to be used for an attorney to file for bankruptcy so that the deed would be clear of debts." Petitioner further stated that the agreed-upon purchase price was $150,000.

[4] The court acknowledged that respondents' motion for summary judgment was not filed by March 25, 2019, which was the deadline for filing such motions. But the court also recalled that, at a hearing on respondents' motion to compel discovery responses, it granted leave to the respondents to file their motion beyond that deadline due to the fact that petitioner's discovery responses remained outstanding.

[5] In its order, the court determined that petitioner was in breach of the parties' agreement requiring him to sell the property for $1,500, and that respondents were entitled to specific performance. The court made additional conclusions, such as that the statute of frauds was satisfied and/or inapplicable for various reasons, but those conclusions are not recounted here as they are not germane to petitioner's assignments of error.

Petitioner stated in the affirmative, and the court asked, "Well, then how can I proceed?" The court also asked when petitioner filed bankruptcy. When neither petitioner nor petitioner's counsel could answer that question, the court directed the parties to telephone the bankruptcy court clerk and obtain information on the filing. The bankruptcy court clerk stated that petitioner had not, in fact, filed for bankruptcy. The circuit court then denied petitioner's motion. The court found that petitioner had not satisfied one of the grounds enumerated in Rule 60(b) of the West Virginia Rules of Civil Procedure, and it stated, "Indeed, by coming in today and your client alleging he filed bankruptcy is misleading to this [c]ourt." It entered its order denying petitioner's motion on June 25, 2019, and this appeal followed.

Petitioner's appeal to this Court is from the circuit court's order denying his "motion to reconsider." As the circuit court recognized in evaluating petitioner's motion under Rule 60(b) of the West Virginia Rules of Civil Procedure, we have "caution[ed] trial counsel that a 'motion for reconsideration' is not explicitly sanctioned by the West Virginia Rules of Civil Procedure." *Powderidge Unit Owners Ass'n v. Highland Props., Ltd.*, 196 W. Va. 692, 705 n.22, 474 S.E.2d 872, 885 n.22 (1996); *see also Pritt v. Republican Nat'l Comm.*, 210 W. Va. 446, 451, 557 S.E.2d 853, 858 (2001) ("Generally speaking, 'a "motion to reconsider" is not a properly titled pleading in West Virginia.'") (citation omitted). Thus,

> [w]hen a party filing a motion for reconsideration does not indicate under which West Virginia Rule of Civil Procedure it is filing the motion, the motion will be considered to be either a Rule 59(e) motion to alter or amend a judgment or a Rule 60(b) motion for relief from a judgment order. If the motion is filed within ten days of the circuit court's entry of judgment, the motion is treated as a motion to alter or amend under Rule 59(e). If the motion is filed outside the ten-day limit, it can only be addressed under Rule 60(b).

*Powderidge*, 196 W. Va. at 695-96, 474 S.E.2d at 875-76, syl. pt. 2. Because petitioner's "motion for reconsideration" was filed more than ten days after the court entered its order granting respondents summary judgment, it was properly addressed under Rule 60(b) of the West Virginia Rules of Civil Procedure.

Rule 60(b) provides, in relevant part, that

> [o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgement has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

And, finally, we review the denial of motions brought under Rule 60(b) for an abuse of discretion. *Powderidge*, 196 W. Va. at 705, 474 S.E.2d at 885.

On appeal, petitioner does not argue that the court erred in denying his "motion for reconsideration," nor does he contend that he satisfied any of the grounds enumerated in Rule 60(b). Indeed, petitioner makes no mention of Rule 60 in his brief. Rather, petitioner argues that the court erred in granting summary judgment because respondents' motion for summary judgment was not filed in time for petitioner to respond to it. Had respondents timely filed their motion, petitioner contends, he would have "point[ed] out there was a genuine issue of a material fact" and that "[t]he parties disagree that the [$1,500] was for the purchase of the property." But "[a]n appeal of the denial of a Rule 60(b) motion brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order." Syl. Pt. 3, *Toler v. Shelton*, 157 W. Va. 778, 204 S.E.2d 85 (1974). Consequently, this Court's function in reviewing a denial of a Rule 60(b) motion "is limited to deciding whether the trial court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not shown in a timely matter." *Id.* at 778, 204 S.E.2d at 86, syl. pt. 4, in part. Because petitioner does not argue that he presented sufficient grounds to warrant disturbing the finality of the judgment, he has not demonstrated the existence of sufficient grounds to this Court. Accordingly, we find no abuse of discretion in the court's denial of petitioner's Rule 60(b) motion.[6]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 4, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[6] Nevertheless, we also observe no abuse of the circuit court's discretion where one asserted basis for setting aside summary judgment—the filing of a bankruptcy petition—was inaccurate and where petitioner failed to demonstrate a trial-worthy issue by competent evidence.