# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Eugene Scott Bowerman,
Sharon Bowerman, Brianna Bowerman,
and Flying G. Racing, LLC,
Defendants Below, Petitioners

**FILED**
**November 4, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs.)     No. 19-0693 (Hancock County 16-C-6)

Debra Rombis,
Plaintiff Below, Respondent

## MEMORANDUM DECISION

Petitioners Eugene Scott Bowerman, Sharon Bowerman, Brianna Bowerman, and Flying G. Racing, LLC (collectively, "petitioners"), by counsel Daniel Tomassetti, appeal the July 17, 2019, order of the Circuit Court of Hancock County denying their post-judgment motion requesting allocation of fault among the individual petitioners as to respondent's libel claim. Respondent Debra Rombis, self-represented litigant, filed a response. Petitioners filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioners are residents of the State of Michigan, and respondent is a Canadian citizen with a visa allowing her to work in the United States. At all times relevant herein, the parties participated in the horseracing industry in Hancock County. On April 21, 2015, and September 5, 2015, the parties entered into agreements to resolve issues regarding payments to respondent, a horse trainer, and respondent's partial ownership in various racehorses.

1

The September 5, 2015, agreement designated all of the petitioners collectively as "party A" and respondent as "party B." In addition to resolving questions regarding respondent's compensation and ownership interest in certain horses, the September 5, 2015, agreement addressed alleged defamation between the parties and stated, in pertinent part:

> . . . . Furthermore, both [p]arties (A and B) agree to cease any and all defamation of character to any persons via conversation, phone, email, or social media.

> After the signing of the [a]greement, both [p]arties (A and B) will issue a public statement (including Facebook) acknowledging all written and verbal statements made of both [p]arties (A and B) apologize and withdraw all previous statements of defamation written or verbal about the other [p]arty.

> Both [p]arties (A and B) agree the other parties are free of any liability or wrongdoing. Any liability or wrongdoing is expressly denied. Furthermore, both [p]arties each agree that neither shall disparage the other to any third party at any time.

(Paragraph numbers omitted).

On January 26, 2016, respondent filed a complaint in the Circuit Court of Hancock County alleging that petitioners breached the parties' April 21, 2015, and September 5, 2015, agreements. Respondent further asserted a fraud claim, two defamation claims (libel and slander), and a claim pursuant to West Virginia Code § 55-7-2.[1] Respondent requested general, compensatory, and punitive damages. Petitioners filed an answer to the complaint on February 26, 2016, denying respondent's allegations.

On May 2, 2018, the circuit court issued a notice of intent to dismiss the civil action due to inactivity. On May 23, 2018, respondent requested that the action not be dismissed. Accordingly, by scheduling order entered on July 26, 2018, the circuit court set a pretrial conference for January 28, 2019, and a bench trial for February 12, 2019. The scheduling order was sent to the parties.

Petitioners failed to appear for either the pretrial conference or the bench trial. On February 12, 2019, the circuit court proceeded with the bench trial with respondent providing testimonial and documentary evidence. By judgment order entered on February 13, 2019, the circuit court found that respondent failed to prove her slander claim and her claim pursuant to West Virginia Code § 55-7-2, but that respondent proved petitioners breached the April 21, 2015, and September

---

[1]West Virginia Code § 55-7-2 provides, in pertinent part, that "[a]ll words which, from their usual construction and common acceptation, are construed as insults and tend to violence and breach of the peace, shall be actionable."

5, 2015, agreements, defrauded respondent,[2] and libeled her. The circuit court awarded respondent damages in the total amount of $275,233.50, including $198,040 for respondent's libel claim. The circuit court further awarded respondent pre- and post-judgment interest at 5.5% per year and court costs.[3]

Petitioners filed a motion to set aside the judgment order pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure, which the circuit court denied by an order entered on February 21, 2019. The circuit court rejected petitioners' argument that they did not receive the July 26, 2018, scheduling order, finding that petitioners "cannot credibly argue" that they did not have notice of the February 12, 2019, bench trial. Petitioners filed a second Rule 60(b) motion to set aside the judgment order, which the circuit court denied by order entered on April 15, 2019, "[f]or the reasons set forth" in its February 21, 2019, order. In Supreme Court No. 19-0641, petitioners filed an appeal from the circuit court's April 15, 2019, order and a motion for leave to file the appeal out of time.[4] By order entered on September 5, 2019, this Court denied the motion and refused to docket petitioners' appeal from the April 15, 2019, order.

In the meantime, on July 15, 2019, petitioners filed a third post-judgment motion in the circuit court requesting that fault be allocated among the individual petitioners with regard to respondent's libel claim. By order entered on July 17, 2019, "[a]fter careful consideration of the [m]otion along with the accompanying [m]emorandum of law," the circuit court denied petitioners' request.

Petitioners now appeal the circuit court's July 17, 2019, order denying their motion requesting allocation of fault with regard to respondent's libel claim. Petitioners refer to their motion as a "motion to allocate," which is not recognized under the Rules of Civil Procedure.

---

[2]Finding in respondent's favor on her fraud claim, the circuit court found that:

[a]t the time the parties entered into the April 21, 2015, contract, [petitioners] provided . . . two checks to [respondent] in the total amount of $24,067.50, but post-dated to May 21, 2015, for training services and part ownership in four horses. Shortly thereafter, [petitioners] stopped payment on the checks unbeknownst to [respondent] and either sold or began efforts at selling [respondent]'s interest[s] in the four horses in or around April 22 and 23, 2015—i.e., the next day.

(Citations to exhibits omitted).

[3]In addition, the circuit court dismissed counterclaims that petitioners asserted in their February 26, 2016, answer, finding that, given their nonappearance, petitioners "failed to produce any evidence" to support their claims.

[4]We take judicial notice of the record in Supreme Court No. 19-0641.

3

Instead, we will treat the motion as a *third* motion pursuant to Rule 60(b) which governs motions for relief from judgment.[5]

> We review an order denying a Rule 60(b) motion under the following standards:

> An appeal of the denial of a Rule 60(b) motion brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order.

> In reviewing an order denying a motion under Rule 60(b), . . . the function of the appellate court is limited to deciding whether the trial court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not shown in a timely manner.

Syl. Pt. 3 and 4, *Toler v. Shelton*, 157 W. Va. 778, 204 S.E.2d 85 (1974). Rule 60(b) of the West Virginia Rules of Civil Procedure provides, in pertinent part, that:

> [o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

On appeal, petitioners argue that the circuit court did not properly allocate fault among the individual petitioners.[6] However, petitioners fail to identify any grounds that would entitle them to their requested relief under Rule 60(b), as any such allocation would have been properly

---

[5]We have held that "[a] motion which would otherwise qualify as a Rule 59(e) motion that is not filed and served within ten days of the entry of judgment is a Rule 60(b) motion regardless of how styled[.]" Syl. Pt. 3, in part, *Lieving v. Hadley*, 188 W. Va. 197, 423 S.E.2d 600 (1992), *abrogated on other grounds*, *Walker v. Doe*, 210 W. Va. 490, 558 S.E.2d 290 (2001); Syl. Pt. 2, *Powderidge Unit Owners Ass'n v. Highland Properties, Ltd.*, 196 W. Va. 692, 474 S.E.2d 872 (1996) (holding that when a "motion for reconsideration" does not indicate under which Rule of Civil Procedure it is filed, the motion will be considered to be a Rule 59(e) motion to alter or amend a judgment, if filed within ten days of the entry of judgment, or a Rule 60(b) motion for relief from a judgment order if it is filed outside that ten-day limit).

[6]Respondent argues that the circuit court properly denied petitioners' motion.

4

resolved at trial, which petitioners did not attend. Instead, petitioners waited five months after the judgment was entered to file a motion that is not recognized by our Rules of Civil Procedure.

While petitioners may disagree with the circuit court's rulings regarding liability, their nonappearance at the February 13, 2019, bench trial resulted in their failure to contest that issue. In the circuit court's April 15, 2019, order that petitioners failed to timely appeal to this Court, the circuit court found that petitioners "cannot credibly argue" that they did not have notice of the bench trial. After failing to contest the issue of liability when they had the opportunity to do so, we find that petitioners may not contest it now. Therefore, we find no error in the circuit courts denial of petitioners' "motion to allocate" with regard to respondent's libel claim.

For the foregoing reasons, we affirm the circuit court's July 17, 2019, order.

Affirmed.

**ISSUED:** November 4, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

5